UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X
NOREEN SHEA,

                Plaintiff,

Docket No. 18-CV-11170 (CS)

-*against*-

VILLAGE OF POMONA, BRETT YAGEL,

**ANSWER**

                Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~X

Defendants Village of Pomona and Brett Yagel (collectively, "Defendants"), by and through their attorneys, Bleakley Platt & Schmidt, LLP, for their respective Answer to the Complaint herein, state as follows:

## THE PARTIES AND JURISDICTION

1. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint, except having received a copy of the document annexed as Exhibit 1 to the Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint, except admit receiving notice of the N.Y.S. Division of Human Rights' "probable cause" determination.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint, except affirmatively state that the Village is defined in Paragraph 5 and not Paragraph 3 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint, except admit that this Court has jurisdiction over the causes of action alleged in the Complaint.

## FACTUAL ALLEGATIONS

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint, except admit that Plaintiff was not re-appointed as Deputy Village Clerk in 2017.

13. Defendants deny the allegations of Paragraph 13 of the Complaint, except admit that Plaintiff was not re-appointed as Deputy Village Clerk and her last day of employment with the Village was on or about June 23, 2017.

14. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint, except admit knowledge of a prior lawsuit entitled *Tartikov v. Pomona, et al.*

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint, except admit knowledge of a prior lawsuit entitled *Tartikov v. Pomona, et al.*

21. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint, except affirmatively state that Plaintiff did not follow mandated procedures and processes for Freedom of Information Law requests.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint, except admit that Frances Arsa Artha is and has been the Village Clerk at all times relevant to this action.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, except Defendants admit having received a written communication from Plaintiff in or about February 2017 addressed to the Village Board of Trustees and refer to said document for the contents thereof.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint, except Defendants admit having received a written communication from Plaintiff in or about February 2017 addressed to the Village Board of Trustees and refer to said document for the contents thereof.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint, except Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph concerning Plaintiff's employment search results.

## CAUSES OF ACTION

47. Defendants repeat and reallege each and every response made in paragraphs 1 through 46 above as if fully set forth herein.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. Plaintiff's Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief could be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations and/or the doctrine of laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. Plaintiff's Complaint should be dismissed because all actions taken by Defendants with respect to the subject matter of this action were undertaken in "good faith" for legitimate business reasons unrelated to any person's religious beliefs or practices.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. Defendant Yagel cannot be held individually liable under Section 1983 based on the Doctrine of Absolute Immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. Defendant Yagel cannot be held individually liable under Section 1983 based on the Doctrine of Qualified Immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. The Village does not maintain any policy, practice or custom of the Village of Pomona which discriminates against Orthodox Jews or any other persons.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

56. At all times relevant to this action, Defendant Yagel was acting in "good faith" within the scope of his Mayoral authority under applicable law.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

57. At all times relevant to this action, Defendant Yagel was acting in "good faith" within the Mayoral discretion afforded to him by applicable law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. These is no basis for awarding punitive damages against Defendant Yagel in this action.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

59. These is no basis for awarding compensatory damages against either or both Defendants in this action.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

60. These is no basis for awarding attorneys' fees or costs against either or both Defendants in this action.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

61. Plaintiff's Complaint should be dismissed and the demands for relief stated therein should be denied because Plaintiff has failed, in whole or in part, to mitigate the damages she allegedly suffered.

Defendants reserve the right to assert any additional Affirmative Defenses as they may arise, become discovered or known during the discovery process or thereafter.

WHEREFORE, Defendants respectfully requests that this Court:

    A.    dismiss Plaintiff's Complaint in its entirety, with prejudice;

    B.    deny each and every prayer for relief set forth in Plaintiff's Complaint;

    C.    award Defendants reasonable attorneys' fees and costs incurred in defending against Plaintiff's baseless and frivolous action; and

    D.    grant such other and further relief as the Court deems just and proper.

Dated: White Plains, NY
        January 30, 2019

Respectfully submitted,

BLEAKLEY PLATT & SCHMIDT, LLP
*Attorneys for Defendants*
One N. Lexington Avenue
White Plains, NY 10601
(914) 949-2700
jdegiuseppe@bpslaw.com

By: _____
    Joseph DeGiuseppe, Jr., Esq.
    William P. Harrington