UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NOREEN SHEA,

                               Plaintiff,

              -against-                      Civ. No.: 18-CV-11170 (CS)

VILLAGE OF POMONA, BRETT YAGEL,

                               Defendants.
-------------------------------------------------------------------X

## DEFENDANT BRETT YAGEL'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT

       Pursuant to Federal Rule of Civil Procedure 56, and Local Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendant, Brett Yagel ("Defendant" or "Defendant Yagel"), respectfully submits this Statement Of Undisputed Material Facts In Support Of His Motion For Summary Judgment.[1]

**I.    PROCEDURAL HISTORY.**

       1.    On or about November 3, 2017, Plaintiff filed a Verified Complaint with the New York State Division of Human Rights (the "Administrative Complaint") against The Village of Pomona. (Saccomano Aff. Ex. A at 1 ¶ 3).

       2.    Plaintiff's Administrative Complaint alleged violations of Title VII of the Civil Rights Act of 1964, and Section 296 of the New York State Human Rights Law. (Saccomano Aff. Ex. A, at 12 ¶ 11).

       3.    Plaintiff filed the instant Complaint on November 30, 2018. (Saccomano Aff. Ex. A).

---

[1] The facts set forth herein are assumed true *only* for the purposes of Defendant Brett Yagel's Motion For Summary Judgment.

    4.  Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964 only against Defendant The Village of Pomona ("Defendant Village").  (Saccomano Aff. Ex. A at 8 ¶ 48).

    5.  Plaintiff asserts a claim under the Equal Protection Clause of the Fourteenth Amendment to the United Stated Constitution, as made actionable by 42 U.S.C. § 1983, only against Defendant Yagel in his official capacity.  (Saccomano Aff. Ex. A at 8 ¶ 49).

## II. ABOUT DEFENDANT YAGEL.

    6.  Defendant Yagel first ran for office in the Village of Pomona in January, 2007. (Saccomano Aff. Ex. C, at 12 ¶¶ 5-7).

    7.  Defendant Yagel was elected to the office of Trustee for the Village of Pomona in March, 2007. (Saccomano Aff. Ex. C, at 12 ¶¶ 8-16).

    8.  Defendant Yagel ran for the position of Mayor of the Village of Pomona in 2011.  (Saccomano Aff. Ex. C, at 25 ¶¶ 20-24).

    9.  Defendant Yagel testified that he stated to a former employee of the Village of Pomona that "[he] d[id]n't care who [was] moving to Pomona."  (Saccomano Aff. Ex. C, at 96 ¶¶ 24-25).

    10.  Defendant Yagel testified that he grew up in Great Neck and "ha[s] a lot of Jewish friends."  (Saccomano Aff. Ex. C, at 97 ¶¶ 2-3).

## III. PLAINTIFF'S EMPLOYMENT HISTORY WITH THE VILLAGE OF POMONA.

    11.  Plaintiff began her employment with the Village of Pomona ("Defendant Village") on February 1, 2016. (Saccomano Aff. Ex. B, at 16 ¶¶ 30:2-4).

    12.  Plaintiff was hired in the position of Deputy Village Clerk.  Id.

13. Plaintiff was interviewed by Defendant Yagel. (Saccomano Aff. Ex. B, at 7 ¶¶ 12:17-19).

14. Plaintiff received her employment offer directly from Defendant Yagel. (Saccomano Aff. Ex. B, at 7-8 ¶¶ 16:2-3).

15. Plaintiff's immediate supervisor was The Village Clerk/Treasurer (referred to hereinafter as the "Village Clerk"). (Saccomano Aff. Ex. A, at 5 ¶ 25).

16. The Village Clerk testified that she last worked for the Village of Pomona on April 2, 2019. (Saccomano Aff. Ex. E, at 10 ¶¶ 4-8).

17. The Village Clerk testified that Defendant Yagel never instructed her to "keep an eye on certain people" in a manner that exceeded or departed from her position's normal supervisory duties. (Saccomano Aff. Ex. E, at 46 ¶¶ 20-23).

18. The Village Clerk testified that she did not hear Defendant Yagel speak to Plaintiff "about how she was interacting with the people who came into the office." The Village Clerk testified that Defendant Yagel never asked her to "keep an eye on [Plaintiff] specifically." (Saccomano Aff. Ex. E, at 122 ¶¶ 5-9).

19. Plaintiff testified that 99 percent of the people "who came to [Plaintiff's] counter were Jewish, mostly Orthodox Jews." (Saccomano Aff. Ex. B, at 29 ¶¶ 56:5-6).

IV.  **PLAINTIFF'S TRAINING.**

20. Plaintiff received training from Defendant Village's Building Inspector and understood that the Building Inspector worked a part time schedule. (Saccomano Aff. Ex. B, at 13 ¶¶ 24:18-20).

21. Specifically, Plaintiff received training directly from the Building Inspector regarding the building permit application process. (Saccomano Aff. Ex. B, at 18 ¶¶ 34:14-18).

22. Defendant Yagel advised Plaintiff that she had a certain timeframe, defined by law, within which to schedule building inspections. (Saccomano Aff. Ex. C, at 25 ¶¶ 50: 12-18).

23. Defendant Yagel did not ever explain to Plaintiff why he wanted building inspections to be scheduled within the timeframe permitted by law. Id.

24. The Village Clerk testified that Defendant Yagel never asked her to "keep an eye on [Plaintiff] specifically." (Saccomano Aff. Ex. E, at 47 ¶¶ 4-6).

25. The Village Clerk testified that the Building Inspector never asked her to "keep an eye on [Plaintiff] specifically." Id.

## V.   PLAINTIFF'S ALLEGED INTERACTIONS WITH THE VILLAGE BUILDING INSPECTOR.

26. Plaintiff testified that Defendant Yagel never told her not to schedule a building inspection for someone because they were Jewish. (Saccomano Aff. Ex. B, at 29 ¶¶ 54:15-24).

27. Plaintiff testified that it was Defendant Village's Building Inspector, not Defendant Yagel, who impersonated persons of the Jewish faith. (Saccomano Aff. Ex. B, at 28 ¶¶ 53:11-21).

28. Defendant Yagel testified that, when he learned about the Building Inspector's impersonations, he disciplined the Building Inspector immediately and told him that such comments were inappropriate. (Saccomano Aff. Ex. C, at 75 ¶¶ 2-12).

29. The Building Inspector testified that he never heard Defendant Yagel refer to Plaintiff as a "Jew Lover." (Saccomano Aff. Ex. D, at 186 ¶¶ 7-25).

30. The Building Inspector testified that he never stated to Plaintiff that Defendant Yagel had described her as "Jew Lover." (Saccomano Aff. Ex. D, at 186 ¶¶ 7-25).

31.     The Village Clerk testified that she did not recall seeing the Building Inspector "[i]mitate any Jewish people." (Saccomano Aff. Ex. E, at 47 ¶¶ 9-11).

32.     The Village Clerk testified that she did not ever "form a conclusion from [her] observations that there were certain people who were too persistent in their requests of the [Village of Pomona] staff." (Saccomano Aff. Ex. E, at 103 ¶¶ 12-16).

33.     Defendant Yagel testified that he was first told about Plaintiff's allegation that the Village Building Inspector told Plaintiff that Defendant Yagel previously referred to Plaintiff as a "Jew lover" by the New York Human Rights Commission. (Saccomano Aff. Ex. C, at 184 ¶ 25, 185 ¶¶ 2-3).

34.     Defendant Yagel testified that the Village Building Inspector admitted that the Village Building Inspector, not Defendant Yagel, was the one who had previously referred to Plaintiff as a "Jew lover." (Saccomano Aff. Ex. C, at 190 ¶ 25, 191 ¶¶ 2-16).

## VI.     PLAINTIFF'S HANDLING OF BUILDING INSPECTION PERMITS AND FOIL REQUESTS.

35.     Defendant Yagel directed Plaintiff to schedule building permit inspections in accordance with governing law. (Saccomano Aff. Ex. C, at 25 ¶¶ 50: 12-18).

36.     Defendant Yagel testified that the Building Inspector complained about Plaintiff's scheduling of appointments. Specifically, that Plaintiff scheduled appointments and "ma[de] commitments to the residents" without first checking with the Building Inspector to ensure he was available on the date and time scheduled. (Saccomano Aff. Ex. C, at 212 ¶¶ 19-25).

37.     Defendant Yagel testified that the Village Building Inspector did not mention any specific residents when he complained to Defendant Yagel about Plaintiff's practices regarding scheduling of building permit inspections. (Saccomano Aff. Ex. C, at 312 ¶¶ 2-14).

38. Defendant Yagel further testified that he observed Plaintiff responding to Freedom of Information Law ("FOIL") requests without following the proper procedures and governing laws regarding such responses. (Saccomano Aff. Ex. C, at 199 ¶¶ 7-25, 200 ¶¶ 2-5).

39. Defendant Yagel questioned whether Plaintiff had executed a thorough and complete search for all files responsive to the FOIL request, to which Plaintiff responded that she "didn't need to." (Saccomano Aff. Ex. C, at 200 ¶¶ 15-20).

40. Defendant Yagel expressed his concern to Plaintiff that she was responding to FOIL requests without doing her "due diligence" in accordance with the duties of her position. (Saccomano Aff. Ex. C, at 200 ¶¶ 23-25, 201 ¶¶ 2-25, 202 ¶ 2).

41. The Village Clerk testified that she never heard Defendant Yagel complain about individuals being too demanding on Village of Pomona staff. (Saccomano Aff. Ex. E at 103 ¶¶ 3-6).

42. The Village Clerk testified that Defendant Yagel expressed his concern to the Village Clerk and Plaintiff "that [they] were a small office and a busy office because there were only two of us and that if we couldn't get to [a] FOIL request immediately, that we had the standard . . . five days and then 20 days following." (Saccomano Aff. Ex. E at 120 ¶¶ 8-14).

### VII. DEFENDANT YAGEL'S DECISION NOT TO RE-APPOINT PLAINTIFF.

43. Defendant Yagel testified that he informed Plaintiff on June 23, 2017, that he would be "bringing forth another candidate to fill her position." (Saccomano Aff. Ex. C, at 164 ¶¶ 14-19).

44. The Village Clerk testified that Defendant Yagel did not provide a reason for his decision not to reappoint Plaintiff. (Saccomano Aff. Ex. E at 91 ¶¶ 9-12).

45. The Village Clerk testified that Defendant Yagel stated that he did not have to have a reason not to reappoint Plaintiff.  (Saccomano Aff. Ex. E, at 91 ¶¶ 13-17).

46. Plaintiff admits that Defendant Yagel was acting in his official capacity as Mayor of The Village of Pomona when he made the decision not to re-appoint Plaintiff.  (Saccomano Aff. Ex. A, at 3 ¶ 13).

Respectfully submitted,

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York
Tel.: (914) 872-8060
Fax: (914) 946-1216

By: _____
Joseph A. Saccomano, Jr.
John T. Cigno

*Attorneys for Defendant Brett Yagel*

Dated: May 8, 2020
           White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NOREEN SHEA,

                            Plaintiff,

     -against-
                                        Civ. No.: 18-CV-11170 (CS)

VILLAGE OF POMONA, BRETT YAGEL,

                            Defendants.
------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of Defendant Brett Yagel's Statement Of Undisputed Material Facts In Support Of His Motion for Summary Judgment has been served via ECF and First Class Regular Mail on May 8, 2020 on counsel of record at the address listed below:

| | |
|---|---|
| Michael H. Sussman | Kenneth Ethan Pitcoff |
| Sussman & Associates | Morris Duffy Alonso & Faley |
| P.O. Box 1005 | 2 Rector Street |
| Goshen, NY 10924 | New York, NY 10006 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Village of Pomona* |

                                                                                                                          Joseph A. Saccomano, Jr.

4849-0288-9403, v. 2