UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

NOREEN SHEA,

                                        Plaintiff,

                    -against-

                                                                    Civ. No.:  18-CV-11170 (CS)

VILLAGE OF POMONA, BRETT YAGEL,

                                        Defendants.

--------------------------------------------------------------------------X


**DEFENDANT BRETT YAGEL'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

**PAGE**

Preliminary Statement…………….……………………………………………………………….1

Argument…………..……………..…………………………………………………………….1

  Point I - Plaintiff Has Not Presented Any Admissible Evidence That Creates A Material
    Issue Of Fact With Respect To Plaintiff's Claim Against Defendant Yagel. ....... 2

    A.    The Audio Tapes Relied Upon By Plaintiff Constitute Either Illegal
       Recordings, Inadmissible Hearsay, Or Conversations Irrelevant To Her
       Claim Against Defendant Yagel. ............................................................... 2

    B.    Plaintiff Improperly Cites Inadmissible Propensity Evidence In Support Of
       Her Claim Against Defendant Yagel. ......................................................... 5

  Point II - Plaintiff Admitted That She Is Not Asserting A Cognizable Constitutional
    Claim Against Defendant Yagel. ............................................................. 6

    A.    Plaintiff Concedes That She Is Not Asserting A "Selective Enforcement"
       or "Class of One" Equal Protection Claim. ............................................... 6

    B.    Plaintiff Relies Upon A Novel Theory Of Intentional Discrimination In
       Violation Of The Equal Protection Clause Of The Fourteenth Amendment
       That Is Entirely Without Legal Support....................................................... 7

  Point III - Plaintiff Cannot Pursue Her Equal Protection Claim Against Defendant Yagel
    In His Official Or Individual Capacity……………………………………..8

  Point IV - Defendant Yagel Is Entitled To Qualified Immunity Even If The Court
    Accepts Plaintiff's Novel Constitutional Claim……………….…………8

  Point V  - Plaintiff's Opposition Does Not Establish That She Is Entitled To Punitive
    Damages Against Defendant Yagel. ................................................................ 10

Conclusion…………………….…..…………………………………….…………….10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Anderson v. Creighton,
   483 U.S. 635 (1987)...............................................................................................................9

Beckman v. U.S. Postal Service,
   79 F. Supp. 2d 394 (S.D.N.Y. 2000).....................................................................................8

Best Payphones, Inc. v. Dobrin,
   410 F. Supp. 3d 457 (E.D.N.Y. 2018) ...................................................................................6

Cine SK8, Inc. v. Town of Henrietta,
   507 F.3d 778 .........................................................................................................................7

Danahy v. Buscaglia,
   134 F.3d 1185 (2d Cir. 1998)................................................................................................9

Davis v. Stratton,
   360 F. App'x 182 (2d Cir. 2010) ..........................................................................................8

Fayemi v. Hambrecht & Quist, Inc.,
   174 F.R.D. 319 (S.D.N.Y. 1997) ..........................................................................................4

Francis v. Fiacco,
   942 F.3d 126 (2d Cir. 2019)..................................................................................................9

Gentile v. Nulty,
   769 F. Supp. 3d 573 (S.D.N.Y. 2011)...................................................................................6

Gierlinger v. New York State Police,
   15 F.3d 32 (2d Cir. 1994)......................................................................................................6

Hayden v. County of Nassau,
   180 F.3d 42 (2d Cir. 1999)....................................................................................................7

Henderson v. GE,
   469 F. Supp. 2d 2 (Dist. Conn. 2006) ...................................................................................4

Holland v. City of New York,
   197 F. Supp. 3d 529 (S.D.N.Y. 2016)...................................................................................8

I.K. v. M.K.,
   194 Misc. 2d 608 (N.Y. Sup. Ct. 2003) ................................................................................3

Ivani Contr. Corp. v. City of New York,
    103 F.3d 257 (2d Cir. 1997)......................................................................................10

Major League Baseball Props., Inc. v. Salvino, Inc.,
    542 F.3d 290 (2d Cir. 2008)........................................................................................2

Morgan v. Swanson,
    659 F.3d 359 (5th Cir. 2011) ......................................................................................9

Olin Corp. v. Lamorak Ins. Co.,
    332 F. Supp. 3d 818 (S.D.N.Y. 2018).........................................................................2

Pure Power Boot Camp v. Warrior Fitness Boot Camp,
    587 F. Supp. 2d 548 (S.D.N.Y. 2008).........................................................................3

Pyke v. Cuomo,
    567 F.3d 74 (2d Cir. 2009)......................................................................................6, 7

Rubens v. Mason,
    387 F.3d 183 (2d Cir. 2004)........................................................................................2

Saulpaugh v. Monroe Cmty. Hosp.,
    4 F.3d 134 (2d Cir. 1993)........................................................................................6, 7

Velez v. Levy,
    401 F.3d 75 (2d Cir. 2005)..........................................................................................2

Wilson v. Layne,
    526 U.S. 603 (1999).....................................................................................................9

**Other Authorities**

Fed. R. Evid. 404(a)(1) ....................................................................................................5

Fed. R. Evid. 404(b)(1) ....................................................................................................5

Fed. R. Evid. 801(d)(2)(d) ...............................................................................................4

NY CPLR § 4506(1) .........................................................................................................3

NY CPLR § 4506(2)(a).....................................................................................................3

NY CPLR § 4506(2)(b) .....................................................................................................3

## PRELIMINARY STATEMENT

Defendant, Brett Yagel (referred to hereinafter as "Defendant" or "Defendant Yagel"), respectfully submits this Reply Memorandum Of Law In Support Of His Motion For Summary Judgment. Plaintiff's Opposition[1] is replete with unsupported, irrelevant, inadmissible or otherwise inaccurate factual assertions and deficient legal arguments. A concise analysis of the admissible evidence relevant to the single claim against Defendant Yagel compels the conclusion that Plaintiff cannot establish a cognizable Equal Protection Claim against Defendant Yagel. Alternatively, Defendant Yagel is entitled to qualified immunity to the extent the Court construes the claim against Defendant Yagel in his individual capacity.

## ARGUMENT

In opposing this motion, Plaintiff was required to cite admissible evidence to establish material issues of fact with respect to her claim asserted against Defendant Yagel under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, as made actionable by 42 U.S.C. § 1983 (hereinafter referred to as Plaintiff's "Constitutional Claim"). Plaintiff has not only failed in this regard, her Opposition admits that Plaintiff's Constitutional Claim is premised upon a novel legal theory that is not supported—or even recognized—by any prior court decision. Simply put, Plaintiff's reliance on evidence that is neither admissible nor relevant to her Constitutional Claim, and her failure to assert a cognizable legal theory in support of her claim against Defendant Yagel, are insufficient to defeat Defendant's motion.

---

[1] Plaintiff's Opposition, as referred to herein, consists of Plaintiff's Memorandum Of Law In Opposition To Defendants' Motions For Summary Judgment (ECF No. 70) ("Pl. MOL") and Plaintiff's Response to Defendant Yagel's Rule 56.1 Statement And Counterstatement (ECF No. 72) ("Counter 56.1"). References herein to "Def. 56.1" refer to Defendant Brett Yagel's Statement Of Undisputed Material Facts In Support of Summary Judgment. (ECF No. 58). Citations to "Saccomano Aff. Ex. __" refer to the Supporting Affirmation of Joseph A. Saccomano, Jr. Esq. (ECF No. 57).

**POINT I**     **PLAINTIFF HAS NOT PRESENTED ANY ADMISSIBLE EVIDENCE THAT CREATES A MATERIAL ISSUE OF FACT WITH RESPECT TO PLAINTIFF'S CLAIM AGAINST DEFENDANT YAGEL.**

To establish a *prima facie* claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state ... law." Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (citation omitted).  To survive Defendant's motion for summary judgment, Plaintiff was further required to "'proffer **admissible evidence** that sets forth specific facts showing a genuinely disputed factual issue that is **material under the applicable legal principles**.'" Olin Corp. v. Lamorak Ins. Co., 332 F. Supp. 3d 818, 839 (S.D.N.Y. 2018) (quoting Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (emphasis added).

Plaintiff cites voluminous audio recordings to support her allegation that she "heard Yagel make derogatory comments about a number of Hasidic/Orthodox developers/landowners . . . ." (Pl. MOL p. 6).  Plaintiff's repeated references to the recorded conversations and telephone calls are either inadmissible or irrelevant and cannot defeat Defendant Yagel's motion for summary judgment.

**A.**     **The Audio Tapes Relied Upon By Plaintiff Constitute Either Illegal Recordings, Inadmissible Hearsay, Or Conversations Irrelevant To Her Claim Against Defendant Yagel**.

Plaintiff's reliance on audio recordings cannot be used to bolster her otherwise conclusory and unsupported testimony regarding Defendant Yagel's alleged discriminatory motives because the audio recordings were obtained illegally, or otherwise include inadmissible hearsay evidence and conversations irrelevant to her claim against Defendant Yagel. See Rubens v. Mason, 387 F.3d 183, 188 (2d Cir. 2004) ("[I]n deciding a motion for summary judgment, a court may rely only on material that would be admissible at trial.").

Under New York law, "[t]he contents of any overheard or recorded communication, conversation or discussion, or evidence derived therefrom which has been obtained by conduct constituting the crime of eavesdropping . . . may not be received in evidence in any trial, hearing or proceeding before any court or grand jury. . . ."  NY CPLR § 4506(1).  Evidence obtained through illegal eavesdropping includes "a telephonic or telegraphic communication which was intentionally overheard or recorded by a person other than the sender or receiver thereof, without the consent of the sender or receiver, by means of any instrument device or equipment."  NY CPLR § 4506(2)(a).  In addition, such illegal recordings can include "a conversation or discussion which was intentionally overheard or recorded, without the consent of at least one party thereto, by a party not present threat, by means of any instrument, device or equipment."  NY CPLR § 4506(2)(b); see I.K. v. M.K., 194 Misc. 2d 608, 610 (N.Y. Sup. Ct. 2003) ("Taping telephone conversations without the consent of at least one of the parties constitutes an illegally recorded conversation within the meaning of CPLR 4506.  The statutory remedy for unlawful recording of conversations is that information so obtained may not be received into evidence.").

Plaintiff refers generally to numerous audio recordings without specifying whether Plaintiff was an active participant, or even present during any of the conversations contained therein.  Plaintiff does acknowledge that the recordings include statements made by individuals who are not parties to the instant lawsuit, and telephone conversations between third parties who did not consent to Plaintiff's recording.  (See Pl. MOL pp. 6-9; see also Pl. MOL at 10) (citing to a recording of a telephone conversation between Defendant Yagel and Louis Zummo).  Because Plaintiff's surreptitious audio recordings were obtained wrongfully and/or illegally, they are inadmissible and cannot be considered in support of Plaintiff's allegations. See Pure Power Boot Camp v. Warrior Fitness Boot Camp, 587 F. Supp. 2d 548, 571 (S.D.N.Y. 2008) ("In the end, the

3

one thing that should remain unsullied is the integrity of the judicial process. In this Court's view, that integrity is threatened by admitting evidence wrongfully, if not unlawfully, secured."); Fayemi v. Hambrecht & Quist, Inc., 174 F.R.D. 319, 325 (S.D.N.Y. 1997) (pursuant to "inherent equitable powers to sanction a party that seeks to use in litigation evidence that was wrongfully obtained," courts may preclude the use of stolen evidence in litigation, even if it could otherwise have been discoverable).

Moreover, any portion of the cited audio recordings that contain inadmissible hearsay must also be excluded from the Court's consideration of Defendant's motion. Plaintiff argues that the recorded statements of Louis Zummo, Defendant Village of Pomona's Building Inspector, are admissible "as admissions against his employer, the Village and his supervisory, Yagel" under Fed. R. Evid. 801(d)(2)(d). Plaintiff's argument is unavailing. Under Rule 801(d)(2)(D, a statement is not hearsay if it is offered against an opposing party and was made "by the party's agent or [employee] concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Henderson v. GE, 469 F. Supp. 2d 2, 11 (Dist. Conn. 2006) (citing Fed. R. Evid. 801(d)(2)(D)). Zummo's comments are inadmissible because Zummo was not an agent or employee of Defendant Yagel. Moreover, the alleged statements consist of gossip, rumors, and speculations regarding matters outside the scope of Zummo's position as an employee of the Village of Pomona. See id. ("Gawin's comment that she believed that Shephard had a problem with women and Kasdan's remark that her removal was based on the fact that she was a woman do not qualify as statements that Gawin or Kasdan made in their official capacity as GE executives.").

Finally, evidence regarding Defendant Yagel's alleged discriminatory opinions regarding individuals of the Jewish religion cannot be considered in the context of Defendant

4

Yagel's motion to dismiss the claims asserted against him because they are irrelevant to Plaintiff's

Constitutional Claims.  As discussed in greater detail infra Point II(B), Plaintiff is not a member

of the category of persons against whom she claims Defendant Yagel harbored a discriminatory

animus.  As such, she asserts no cognizable claim for relief under the Equal Protection Clause of

the 14th Amendment.  Accordingly, to the extent that any statements contained within the audio

recordings are not inadmissible on grounds of illegality or hearsay, they are irrelevant to the

question of whether Defendant Yagel's conduct towards Plaintiff violated the Equal Protection

Clause of the Fourteenth Amendment.

        **B.**         **<u>Plaintiff Improperly Cites Inadmissible Propensity Evidence In Support Of Her Claim Against Defendant Yagel</u>**.

Plaintiff makes lengthy and extensive reference to proceedings which occurred in

the context of lawsuits brought by different parties, and which asserted different causes of actions

from the Constitutional Claim asserted against Defendant Yagel. (<u>See</u> Pl. MOL pp. 22-29).

Plaintiff's allegations cannot be considered in the context of the present motion because they

constitute inadmissible propensity evidence.

Fed. R. Evid. 404(a)(1) provides that "[e]vidence of a person's character or

character trait is not admissible to prove that on a particular occasion the person acted in

accordance with the character or trait."  Further, Fed. R. Evid. 404(b)(1) provides that "[e]vidence

of a crime, wrong, or other act is not admissible to prove a person's character in order to show that

on a particular occasion the person acted in accordance with the character."  Therefore, evidence

regarding Defendant Yagel as it related to the prior court proceedings cited by Plaintiff cannot be

used to establish the basis for Defendant Yagel's decision to terminate Plaintiff.

**POINT II**      **PLAINTIFF ADMITTED THAT SHE IS NOT ASSERTING A COGNIZABLE CONSTITUTIONAL CLAIM AGAINST DEFENDANT YAGEL.**

Plaintiff concedes that she "does not assert a selective enforcement claim" against Defendant Yagel, nor does she "seek to compare herself to any other employee" so as to establish a "class of one" Equal Protection Clause claim. (Pl. MOL p. 36). Rather, "[P]laintiff alleges that Yagel terminated her as a means of forwarding his discriminatory treatment of Orthodox/Hasidic Jews. His behavior, she alleges, was intentional and directed at a suspect class, members of a religious group based upon their religion." (Pl. MOL p. 34). Plaintiff further argues, without legal support, that the fact that "[Plaintiff] herself is not Jewish is besides the point." (Pl. MOL p. 39). Plaintiffs arguments are wholly unsupported and Defendant Yagel is entitled to summary judgment as a matter of law.

**A.**      **Plaintiff Concedes That She Is Not Asserting A "Selective Enforcement" or "Class of One" Equal Protection Claim**.

Plaintiff correctly notes that "[a] Title VII Plaintiff is not precluded from bringing a concurrent § 1983 cause of action, so long as the § 1983 claim is based on a distinct violation of a constitutional right." Gierlinger v. New York State Police, 15 F.3d 32, 34 (2d Cir. 1994); Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 143 (2d Cir. 1993). Courts have recognized three types of claims under the Equal Protection Clause of the Fourteenth Amendment: (1) intentional discrimination; Pyke v. Cuomo, 567 F.3d 74, 77 (2d Cir. 2009); (2) selective enforcement; Best Payphones, Inc. v. Dobrin, 410 F. Supp. 3d 457, 535 (E.D.N.Y. 2018); and, (3) a "class of one" theory. Gentile v. Nulty, 769 F. Supp. 3d 573, 578 (S.D.N.Y. 2011). Plaintiff concedes that she is not asserting a "class of one" or selective enforcement equal protection claim. (Pl. MOL at pp. 36-38). Accordingly, Plaintiff's claim against Defendant Yagel can only proceed under an

6

intentional discrimination theory—a fact Plaintiff recognizes in her Opposition. (See Pl. MOL at 34).

> **B.** **Plaintiff Relies Upon A Novel Theory Of Intentional Discrimination In Violation Of The Equal Protection Clause Of The Fourteenth Amendment That Is Entirely Without Legal Support**.

Plaintiff has not asserted a cognizable claim against Defendant Yagel under the Equal Protection Clause because she is not a member of the suspect class against whom she alleges Defendant Yagel engaged in intentionally discriminatory behavior.  Indeed, none of the cases cited by Plaintiff in support of her novel theory of relief involve individuals who are outside the suspect class against whom the alleged intentional discrimination was targeted.

Plaintiff cites Pyke v. Cuomo, 567 F.3d 74 (2d Cir. 2009), to establish the *prima facie* standard for an intentional discrimination claim under the Equal Protection Clause of the Fourteenth Amendment.  In Pyke, however, the Plaintiff's intentional discrimination claims under the Equal Protection Clause were premised on "discriminatory withholding of police protection because the plaintiffs were Native American." Id. at 76.

The other cases cited by Plaintiff in support of her argument similarly involve individuals who were members of the suspect class against whom the alleged discriminatory treatment was directed.  See Pl. MOL at pp. 35-39; see also Hayden v. County of Nassau, 180 F.3d 42, 50 (2d Cir. 1999) (involving a class of white, Latino, and female Plaintiffs who claimed that "by deliberately designing an entrance exam which would minimize the adverse impact on black candidates, Nassau County necessarily discriminated against them."); Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 790-91 (involving a selective enforcement claim alleging discriminatory treatment that favored businesses with largely white clientele); Saulpaugh v. Monroe Com'y Hosp., 4 F.3d 134, 143-44 (2d Cir. 1993) (involving an Equal Protection Clause claim premised upon sexual harassment directed at Plaintiffs).

Plaintiff alleges that Defendant Yagel terminated her employment because of her perceived positive interactions with Orthodox Jews with whom she interacted in the performance of her job duties.  Plaintiff acknowledges that her termination had nothing to do with her religion.  Accordingly, Plaintiff's theory of intentional discrimination in violation of the Equal Protection Clause is entirely without legal support and fails to state a cognizable claim against Defendant Yagel.  Therefore, Defendant Yagel is entitled to summary judgment as a matter of law.

**POINT III**    **PLAINTIFF CANNOT PURSUE HER EQUAL PROTECTION CLAIM AGAINST DEFENDANT YAGEL IN HIS OFFICIAL OR INDIVIDUAL CAPACITY.**

Plaintiff admits in her Complaint that her Equal Protection Claim against Defendant Yagel is based on alleged actions taken in his official capacity as Mayor of the Village of Pomona. (See Saccomano Aff. Ex. A, at ¶¶  8, 13).  Plaintiff cannot add additional claims against Defendant Yagel in his personal capacity in opposition to Defendant's motion for summary judgment. See Beckman v. U.S. Postal Service, 79 F. Supp. 2d 394, 407 (S.D.N.Y. 2000).

Plaintiff's Equal Protection Claim against Defendant Yagel in his official capacity as Mayor of the Village of Pomona is duplicative of her claim against the Village of Pomona and must be dismissed. See Holland v. City of New York, 197 F. Supp. 3d 529, 551 (S.D.N.Y. 2016) (citing Davis v. Stratton, 360 F. App'x 182, 183 (2d Cir. 2010) ("The suit against the mayor and police chief in their official capacities is essentially a suit against the City . . . because in a suit against a public entity, naming officials of the public entity in their official capacities 'add[s] nothing to the suit.'" (citation omitted)).

**POINT IV**    **DEFENDANT YAGEL IS ENTITLED TO QUALIFIED IMMUNITY EVEN IF THE COURT ACCEPTS PLAINTIFF'S NOVEL CONSTITUTIONAL CLAIM**.

"The doctrine of qualified immunity protects government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate

8

clearly established statutory or constitutional rights of which a reasonable person would have known." Francis v. Fiacco, 942 F.3d 126, 139 (2d Cir. 2019) (internal quotation marks and citation omitted).  Moreover, a right is considered to be "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987); Danahy v. Buscaglia, 134 F.3d 1185, 1190 (2d Cir. 1998).

To the extent the Court perceives Plaintiff's claim against Defendant Yagel is asserted against him in his personal capacity, as discussed above, Plaintiff concedes that she is not asserting a selective enforcement claim or a class-of-one claim. Her purported intentional discrimination claim proceeds under a novel theory of perceived religious associational discrimination that has never been supported—or, indeed, even *recognized*—by any court. Accordingly, Defendant Yagel is entitled to qualified immunity because the right Plaintiff accuses Defendant Yagel of violating has never been recognized by any court. See Morgan v. Swanson, 659 F.3d 359, 372 (5th Cir. 2011) ("Where no controlling authority specifically prohibits a defendant's conduct, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established.") (citing Wilson v. Layne, 526 U.S. 603, 617-18 (1999)).

Moreover, even if this Court recognized Plaintiff's novel theory of intentional discrimination in violation of the Fourteenth Amendment, Defendant Yagel would **still** be entitled to qualified immunity because it would be the first time such a perceived religious associational discrimination claim was recognized.  Therefore, Plaintiff cannot demonstrate that Defendant Yagel's conduct violated any "clearly established" constitutional or statutory right of Plaintiff, and Defendant Yagel is entitled to qualified immunity as a matter of law. See Francis, 942 F.3d at 151

(granting interlocutory appeal of qualified immunity defense where no precedent clearly established a Constitutional right that Defendants violated).

**POINT V**      **PLAINTIFF'S OPPOSITION DOES NOT ESTABLISH THAT SHE IS ENTITLED TO PUNITIVE DAMAGES AGAINST DEFENDANT YAGEL.**

Plaintiff argues that "Yagel is sued in both his official *and* individual capacities, and nothing in the complaint suggests to [sic] the contrary." (Pl. MOL at 41.)  Plaintiff's Complaint states unambiguously that "[t]he acts and omissions attributed herein to defendant Yagel were all committed under color of state law, in his capacity as village Mayor."  (Saccomano Aff. Ex. A. at ¶ 9; see also Saccomano Aff. Ex. A at ¶¶ 13).

It is well established that a plaintiff cannot recover punitive damages against a public official sued in his official capacity.  See Ivani Contr. Corp. v. City of New York, 103 F.3d 257, 262 (2d Cir. 1997) (recognizing that public officials sued "in their *official* capacity only . . . enjoy the same immunity from punitive damages as [a municipality].") (emphasis in original). Accordingly, Plaintiff is barred from asserting a claim for punitive damages against Defendant Yagel and her claim must be denied as a matter of law.

## CONCLUSION

For the reasons cited above, as well as in Defendant's moving papers, Defendant Yagel respectfully requests this Court grant his motion for summary judgment in its entirety

Respectfully submitted,

JACKSON LEWIS P.C.

Joseph A. Saccomano, Jr.
John T. Cigno
ATTORNEYS FOR DEFENDANT YAGEL

Dated: June 24, 2020
White Plains, New York

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------x

NOREEN SHEA,

                                        Plaintiff,

                    -against-                                    Civ. No.:  18-CV-11170 (CS)

VILLAGE OF POMONA, BRETT YAGEL,

                                        Defendants.

----------------------------------------------------------------------------x


## CERTIFICATE OF SERVICE

                The undersigned hereby certifies that a true and correct copy of Defendant Brett

Yagel's Reply Memorandum of Law In Further Support Of His Motion For Summary Judgment

has been served via ECF and First Class Regular Mail on June 24, 2020 on counsel of record at

the address listed below:

|  |  |
|---|---|
| Michael H. Sussman | Kenneth Ethan Pitcoff |
| Sussman & Associates | Morris Duffy Alonso & Faley |
| P.O. Box 1005 | 2 Rector Street |
| Goshen, NY 10924 | New York, NY 10006 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Village of Pomona* |


_____

Joseph A. Saccomano, Jr.


4851-5134-5601, v. 3