UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
**NOREEN SHEA,**                                                   **Index No.: 18-cv-11170 (CS)**

                               *Plaintiffs,*

    -against-

**VILAGE OF POMONA and BRETT YAGEL,**
individually and in his official capacity,

                               *Defendants.*
-------------------------------------------------------------------------X

## REPLY IN SUPPORT OF THE VILLAGE OF POMONA'S MOTION FOR SUMMARY JUDGMENT

**MORRIS DUFFY ALONSO & FALEY**
*Attorneys for Defendants*
**VILLAGE OF POMONA**
101 Greenwich Street, 22nd Floor
New York, New York  10306
Tel.:  (212) 766-1888
Fax.:  (212) 766-3052
Our File No.: (TRV) 70867

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ……………………………………………………………… i

**TABLE OF AUTHORITIES** …………………………………………………….. i - iii

**PRELIMINARY STATEMENT** …………………………………………………... 1

**ARGUMENT** ……………………………………………………………………... 1

    A.   The audio recordings are insufficient to defeat summary judgment as they do not establish a causal connection between Mayor Yagel's decision not to reappoint Plaintiff to her position and antisemitism.
….…………………………………………………………………………… 2

    B.   The audio recordings are insufficient to defeat summary judgment as they were not submitted in admissible form, were not authenticated, and indeed may have been illegally created.
...…………………………………………………………………………… 3

    C.   Plaintiff's assertion that Mayor Yagel called her a "Jew lover" is speculative, inadmissible hearsay which should not be considered by the court.
……………………………………………………………………………….. 5

    D.   Plaintiff fails to provide evidence that the reasons offered for not reappointing the plaintiff to her position were a mere pretext for discrimination
……………………………………………………………………………….. 7

    E.   The case of Congregation Rabbinical Coll. Of Tartikov v. Village of Pomona is inapplicable to the facts and issues of this case
……………………………………………………………………………….. 9

    F.   The New York State Division of Human Rights report is insufficient to defeat summary judgment
……………………………………………………………………………….. 10

**CONCLUSION** ……………………………………………………………………. 11

# **TABLE OF AUTHORITIES**

**CITATIONS**

*Federal Court Rulings*

    **Burlington Coat Factory Warehouse Corp. v. Espirit
        de Corp., 769 F.2d 924, (2d Cir. 1985)** ………………………………………… 6
    **Congregation Rabbinical Coll of Tartikov v. Village of Pomona
        07-cv-6304 (KMK)** *supra*……………………………………………….  10
    **Hansen v. Prentice Hall, Inc., 788 F.2d 894
        (2d Cir. 1986)** ……………………………………………………………...9
    **Jean -Laurent v. Hennessy, 840 F. Supp. 2d 537
        (E.D.N.Y. 2011)** ……………………………………………………………2
    **Northern Oil Co. v. Socony Mobil Oil Co.,
        347 F.2d 84(2d Cir. 1965)**…………………………………………………..6
    **Patterson v. Cty. Of Oneida, 375 F.3d 219,
        (2d Cir. 2004)** ………………………………………………………..…....7
    **Penguin Books USA., Inc. v. New Christian Church
        of Full Endeavor, Ltd., 262 F. Supp. 2d251
        (S.D.N.Y. May 13, 2003)** ………………………………………………..7
    **People v. Capolongo, 85 N.Y.2d 160,  623 N.Y.S.2d 782
        N.E.2d 1290 (1995)** ……………………………………………………..13
    **Phipps v. Comprehensive Cmty. Dev Corp.,
        2005 WL 287413, *12, *16
        (S.D.N.Y. Feb. 4, 2005) at *17** …………………………………………….7
    **Raskin v. Wyatt Co., 125 F.3d 55
        (2d Cir. 1997)** …………………………………………………………….3
        **125 F.3d at 66** ………………………………………………………...3
    **Stanford v. Kuwait Airways Corp., 648 F. Supp. 1158
        (S.D.N.Y. 1986) (Kram, J.)** …………………………………………….. 9
    **U.S. v. Rioux, 97F.3d 661, (2d Cir. 1996)** …………………………………..... 7
    **Weinstock v. Columbia Univ., 224 F.3d 42,
        (2d Cir. 2000)** …………………………………………………………..... 7

*Federal Rules of Civil Procedure*

    **Federal Rules of Civil Procedure 56** …………………………………………3, 11

*United States District Court Rulings*

    **Penfli Industries, Inc. v. Bank of China New York Branch
        1990 U.S. Dist.** …………………………………………..………………… 9

*Other Authorities*

    **Fed R. Evid. 401** …………………………………………………………………2

    **Fed R. Evid. 402** …………………………………………………………………2

    **New York CPLR §4506(1)** ………………………………………………….. 4, 5

    **N.Y. Penal Law §250.05** …………………………………………………………4, 5

    **18 U.S. Code §2511** ………………………………………………………………5

    **Wigmore, Code of Evidence 355 (3d. ed. 1942)** …………………………….….3

    **Wigmore, Evidence §443, at 428 (3d. ed. 1942)** …………………………………..3

**PRELIMINARY STATEMENT**

In opposition to Defendant's motion for summary judgment, Plaintiff's counsel spends almost the entirety of his memorandum of law discussing "evidence" which does not pertain to the instant matter. Plaintiff has failed to provide any actual evidence that the legitimate business reasons for not reappointing the Plaintiff to her position were pretextual. Given the same, it is respectfully submitted that Defendant's motion be granted.

**ARGUMENT**

In her affirmation in opposition, Plaintiff claims she has established a prima facie case of discrimination. This assertion is false upon a review of the record. Nowhere in the record are there any examples of Plaintiff complaining to Mayor Yagel about antisemitism, nor is there any evidence of her being terminated for having done so. Plaintiff's claim that she was not reappointed to her position based on antisemitism is based entirely on speculation and surmise. Rather than providing any direct evidence that the legitimate business reasons provided were a pretext for discrimination, Plaintiff devotes the majority of her opposition to discussing of various village officials and providing Plaintiff's counsel's commentary on how he believes these recordings should be interpreted. In discovery, Plaintiff produced audio recordings well in excess of forty-eight (48) hours' worth of recording, Plaintiff deliberately cherry picks approximately fifty-five (55) minutes of random sound clips in their affirmation in opposition. Plaintiff also admits in her deposition to deleting audio recordings that she didn't find to be useful (Exh "C" pp. 192-93).

As will be demonstrated below, the audio recordings cited by Plaintiff in opposition are insufficient to defeat summary judgment because: 1) there is no causal connection shown between the comments and Mayor Yagel's decision to not reappoint Plaintiff to her position; 2) the audio recordings in question are not admissible and may be illegal.

> A. *The audio recordings are insufficient to defeat summary judgment as they do not establish a causal connection between Mayor Yagel's decision not to reappoint Plaintiff to her position and antisemitism.*

Plaintiff's first and only cause of action in the instant matter is that she was terminated for supporting Jewish people. There is no hostile work environment claim to be found anywhere in the complaint. None of the cited audio recording discusses Plaintiff, her job, her termination, any relationships she has with Jewish people, or anything to do with the instant matter. None of the audio recordings prove that Plaintiff supported Jewish people, opposed antisemitism or was treated any differently for supporting Jewish people. Rather in some cases, Plaintiff can be heard joining in with Building Inspector Zummo mimicking Jewish residents. It is Plaintiff's burden to show that she was terminated because of her alleged affinity for Jewish people. Random statements by a defendant and a non-party about other non-parties in the instant matter do not make it any probable that Plaintiff was terminated for discriminatory reasons. Rather, the inclusion of the audio recordings appears to be little more than an attempt by Plaintiff to fog the issues rather than provide any probative value to the instant matter.

The function of the relevancy inquiry is to require some rational connection between Plaintiffs proffered evidence and the legal claims for which he seeks to recover. While irrelevant evidence is never admissible, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequent in determining the action." Fed. R. Evid. 401, 402. Under this analysis, only evidence that has no value as proof of a consequential fact is irrelevant. "In making a Rule 403 determination, courts should ask whether the evidence's probative value is more than matched by the possibility] . . . that it will divert the jury from the facts which should control their verdict." *Jean-Laurent v. Hennessy*,840 F. Supp. 2d 529,537 (E.D.N.Y.2011) (internal quotations marks omitted).

"Unfairly prejudicial evidence" is generally understood to involve an advantage resulting from an illegitimate method of persuasion based upon the evidence's tendency to suggest decision on an improper or emotional basis, awaken a fixed prejudice, and "dominate the mind of the tribunal and prevent a rational determination of the truth" based upon evidence that is not necessary to the ascertainment of the truth." See Wigmore, Code of Evidence 355 (3d ed. 1942). The concerns of confusion of the issues and "misleading the jury" are addressed to the concern that the "multiplicity of minor issues will be such that the jury will lose sight of the main issue, and the whole evidence will be only a mass of confused data from which it will be difficult to extract the kernel of controversy." See 2 Wigmore, Evidence § 443, at 428 (3d. ed. 1942). Lastly, the considerations of undue delay, waste of time, and needless presentation of cumulative evidence involve matters of trial efficiency, allocation of scarce court time, and the duplication of needless evidence. In considering motions for summary judgment, a court can consider only admissible evidence. See *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."); see also Rule 56(e). The rules governing the admissibility of evidence on a summary judgment motion are the same as that governing admissibility at trial, and the district court has broad discretion in choosing whether to admit evidence. *Raskin*, 125 F.3d at 66.

> B. *The audio recordings are insufficient to defeat summary judgment as they were not submitted in admissible form, were not authenticated, and indeed may have been illegally created.*

The audio recordings are not admissible because the files are not properly authenticated. Nowhere in Plaintiff's affidavit does she attempt to properly authenticate each recording, nor does she establish that she personally listened to every minute of every recording to verify that the recordings submitted to the court are accurate copies of the recordings she made. While Plaintiff appears to be present for at least part of some conversations, she is absent for portions of the

3

recordings, and never testifies that she was present for every minute for every recording, so it is not imminently clear that Plaintiff herself witnessed the speech in question. Plaintiff clearly glazes over this hoping the court will not pay attention by baselessly claiming that Plaintiff is present for the conversations and citing one answer in Plaintiff's deposition where Plaintiff seems to claim to be a part of the conversations with no explanation. This glaring omission is also not addressed in Plaintiff's affidavit. Furthermore, in the affirmation in opposition, counsel provides a running commentary where he essentially applies his own opinion as to the intent of certain speakers and his commentary of the import of each statement. It has long been held that an attorney's opinions are not admissible evidence. These statements are mere conjecture on the part of counsel and hold no evidentiary value.

  A review of the audio recordings demonstrates that Plaintiff's claims that she was part of the conversations to be questionable at best. Plaintiff provides no ledger or proof as to who is talking and leaves the listener to guess and/or assume if the speaker is. There are also multiple women talking with no way of discerning who each speaker is, a similar problem exists for the male speakers. There is no testimony or affidavit where Plaintiff claims that she was present for every minute of every conversation, that the recording device was always on her person , or any other fact to demonstrate Plaintiff was always in the room . There is also no testimony as to where the recorder was in the room, or whether it was running continuously the entire time.

  Moreover, the audio recordings presented by Plaintiff may have been illegally created. Specifically, N. Y. Penal Law §250.05 states in pertinent part:

> A person is guilty of eavesdropping when he unlawfully engages in wiretapping, mechanical overhearing of a conversation, or intercepting or accessing of an electronic communication.

NY CPLR §4506(1) provides:

4

> The contents of any overheard or recorded communication, conversation or discussion, or evidence derived therefrom, which has been obtained by conduct constituting the crime of eavesdropping, as defined by section 250.05 of the penal law, may not be received in evidence in any trial, hearing or proceeding before any court or grand jury, or before any legislative committee, department, officer, agency, regulatory body, or other authority of the state, or a political subdivision thereof; provided, however, that such communication, conversation, discussion or evidence, shall be admissible in any civil or criminal trial, hearing or proceeding against a person who has, or is alleged to have, committed such crime of eavesdropping.

These audio recordings should be precluded because: (a) the recordings were obtained in violation of N. Y. Penal Law §250.05 and 18 U.S. Code § 2511 because Plaintiff was eavesdropping on third parties including Mayor Yagel, and (b) none of the parties on the recordings were either aware of or consented to the recordings  All of the conversations were illegally obtained under N. Y. Penal Law §250.05 and 18 U.S. Code § 2511.

Upon listening to the audio recordings provided by Plaintiff, it is immediately unclear if Plaintiff is present for all of the conversations cited in the affirmation in opposition. While Plaintiff was present for a few of the conversations, she is noticeably absent for a large majority of the recordings. Because she cannot prove that she was in the room for every minute of every recording cited, the recordings are potentially eavesdropping and illegal.  There are stretches of time in between the last time a woman's voice is heard on a number of the recordings and when part of the cited speech is spoken. Illegally obtained recordings are inadmissible under New York State Law (CPLR §4506) which reflects New York's "strong public policy of protecting citizens against the insidiousness of electronic surveillance by both governmental agencies and private individuals." *People v. Capolongo*, 85 N.Y.2d 151, 160, 623 N.Y.S.2d 778, 782, 647 N.E.2d 1286, 1290 (1995).

> C. *Plaintiff's assertion that Mayor Yagel called her a "Jew lover" is speculative, inadmissible hearsay which should not be considered by the court.*

Plaintiff rests a majority of her arguments on the claim that Building Inspector Zummo told Plaintiff that Mayor Yagel called her a "Jew lover", a statement Building Inspector Zummo vehemently denies making. However, there is no testimony other than Plaintiff's speculation that the statement came from Mayor Yagel. Mayor Yagel himself denies calling Plaintiff a "Jew lover", Building Inspector Zummo denies telling Plaintiff that Mayor Yagel called Plaintiff a "Jew Lover", and none of Plaintiff's recordings contain any proof that Plaintiff was called a "Jew Lover". None of Plaintiff's audio recordings contain Yagel or Building Inspector Zummo making any negative remarks about Plaintiff liking Jewish people, supporting Jewish People, or speaking out about Jewish People. And, as argued in greater detail in Defendant's original motion, the "Jew lover" remark is inadmissible hearsay not within any recognized exception. *Burlington Coat Factory Warehouse Corp. v. Espirit de Corp.*, 769 F.2d 919, 924 (2d. Cir. 1985) (observing that a plaintiff "cannot rely on inadmissible hearsay in opposing a motion for summary judgment").

Plaintiff attempts to argue that Zummo's statement is not hearsay because Zummo is an agent for the Defendant and thus his statement constituted an admission. This is erroneous as the requirement is not for Zummo to be an agent, Zummo has to be a final decision maker or at least an advisor or significant participant in the conversation. "[I]f an employee/agent was 'an advisor or other significant participant in the decision-making process that is the subject matter of the statement,' the statements are considered within the scope of employment. Additionally, the speaker does not have to be the 'final decision-maker,' but simply an advisor or significant participant in the decision-making process. Here, by his own admission, Zummo was not consulted in the decision to either hire or fire Plaintiff (Exhibit "F", page 46, page 96). As the Second Circuit noted in *Northern Oil Co. v. Socony Mobil Oil Co.*, 347 F.2d 81, 84 if there is no

6

showing of authority, capacity or a proper foundation that the employee's statement was within the apparent range of the employee's authority" the statement must be excluded. *Penguin Books USA., Inc. v. New Christian Church of Full Endeavor*, *Ltd*., 262F. Supp. 2d251 (S.D.N.Y. May 13,2003) citing *U.S. v. Rioux*, 97F.3d 648,66l (2d. Cir. 1996) (2d. Cir.1965).  ]

> D. *Plaintiff fails to provide evidence that the reasons offered for not reappointing the plaintiff to her position were a mere pretext for discrimination.*

Plaintiff argues that all the reasons given by Plaintiff's various supervisors are merely pretext for discrimination.  However, upon closer scrutiny, Plaintiff's various arguments do little to dispel the fact that Plaintiff was an at will employee, not protected by union rights or civil service, whose one-year tenure had ended, and the Defendants were under no obligation to renew her term.  Plaintiff argues that she knew she was going to be fired because Building Inspector Zummo told Plaintiff Mayor Yagel called her a "Jew Lover".  As discussed supra,  the "Jew Lover" comments and surrounding claims are all hearsay not within any exception.  This leaves Plaintiff with no admissible evidence that Mayor Yagel planned to fire her due to a perceived affinity for Jewish People.  To show pretext, the plaintiff must introduce evidence "sufficient to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [defendant] were false." See *Phipps v. Comprehensive Cmty. Dev. Corp*., 2005 WL 287413, *12 (S.D.N.Y. Feb. 4, 2005) at *17 (quoting *Weinstock v. Columbia Univ*., 224 F.3d 33, 42 (2d Cir. 2000)). To the extent that "the plaintiff has failed to show that there is evidence that would permit a rational factfinder to infer that the employer's proffered rationale is pretext, summary judgment dismissing the claim is appropriate." *Phipps*, 2005 WL 287413 at *16 (quoting *Patterson v. Cty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004)).

Plaintiff's arguments against the reasons given for Plaintiff's poor performance on the job and for eventual termination also fall flat. Rather than cite to any evidence, Plaintiff merely claims that these reasons are false. While Plaintiff disputes the testimony of Mayor Yagel, Building Inspector Zummo and Chief Clerk Arsa Artha, all of the disputes come in the form of conclusory statements. Plaintiff's entire affidavit consists of conclusory denials of what Mayor Yagel, Building Inspector Zummo and Chief Clerk Arsa Artha testified to as well as speculation over the intent of the aforementioned trio. None of it proves antisemitism, at best it shows that Plaintiff did not get along with her colleagues. All of the perceived antisemitism is mere speculation on the part of Plaintiff. As discussed infra, mere speculation is insufficient to defeat Summary Judgment.

Plaintiff's claims that she complained about Anti-Semitism to Trustee Nick Wilson are largely irrelevant. Nick Wilson was not Plaintiff's employer and had nothing to do with her job. As per her testimony, the only thing Plaintiff told Wilson was the above-mentioned hearsay comment. Similarly, her claims about what Nick Wilson told her are also hearsay not within any exception. It bears noting that contrary to what Plaintiff states in his opposition, Nick Wilson didn't say he was "not shocked" by what Plaintiff allegedly told him. Rather, when questioned Plaintiff instead describes Wilson's reaction to her alleged complaint as not shocked. Furthermore, when Plaintiff contacted the board to complain, she spent the entire letter complaining about Chief Clerk Arsa Artha and did not mention Anti-Semitism once. Similarly, her complaints to Doris Ullman are also irrelevant. There is no proof that Ms. Ullman was responsible for human resources complaints for the village, nor is there any proof that any such conversation actually occurred. There is no written proof of any complaint to Ullman, nor is there any testimony from Ullman admitting that Plaintiff complained to her.

Plaintiff also attempts to claim that Building Inspector Zummo and Chief Clerk Arsa Artha's failure to file any written complaints somehow negates the complaints that both Building

8

Inspector Zummo and Arsa Artha testified to making about Plaintiff.  Plaintiff points to no policy or rule of Defendant stating that a person must be written up before terminated.   Nor is there any such requirement in Section 1983 or any relevant caselaw. Additionally, even assuming Building Inspector Zummo didn't request that Plaintiff be fired, this does not negate the fact that Building Inspector Zummo still orally complained to Mayor Yagel about Plaintiff's poor job performance. Plaintiff also conveniently ignores the letter submitted to the board by Chief Clerk Arsa Artha complaining of Plaintiff's anger management issues among other problems Chief Clerk Arsa Artha had with Plaintiff's job performance.

Plaintiff's opposition and the record are completely bereft of proof that anyone, be it Mayor Yagel, Building Inspector Zummo, or anyone else had any issue with Plaintiff helping or supporting Jewish people.  Rather Plaintiff speculates that the reason Plaintiff was fired *could* be because she allegedly helped Jewish people.  Plaintiff fails to provide one iota of supporting evidence that Plaintiff not being appointed to a new term was because she supported Jewish people. Stripped of its excess verbiage, Plaintiff's entire argument comports to state: Mayor Yagel does not like Jewish People, Plaintiff does like Jewish people, therefore Mayor Yagel fired Plaintiff for liking Jewish people.  This argument does little to refute Defendant's motion, much less establish their prima facie case.   Mere speculation is insufficient to defeat a motion for summary judgment. Mere speculation is insufficient to defeat a motion for summary judgment. See, *Hansen v. Prentice-Hall, Inc*., 788 F.2d 892, 894 (2d Cir. 1986) (attorney's affidavit stating that he "believed" that he had notified his client of potentially relevant information was insufficient to raise a genuine issue of material fact); *Stanford v. Kuwait Airways Corp.*, 648 F. Supp. 1158, 1160 (S.D.N.Y. 1986) (Kram, J.) ("Speculation, conclusory allegations and mere denials are not enough to raise genuine issues of fact"), *Penfli Industries, Inc. v. Bank of China New York Branch*, 1990 U.S. Dist. LEXIS 7427, *5-6, 1990 WL 89339.

9

E. *The case of Congregation Rabbinical Coll. Of Tartikov v. Village of Pomona is inapplicable to the facts and issues of this case.*

Plaintiff also spends significant time arguing that *Congregation Rabbinical Coll. Of Tartikov v. Village of Pomona* 07-cv-6304 (KMK) is precedent in the instant matter. However, a review of the decision in *Tartikov* shows that the two cases have little in common. As mentioned *supra*, Plaintiff's sole cause of action in the instant matter is whether she was fired for supporting Jewish people. The facts in *Tartikov* all occurred approximately nine years before Plaintiff was ever hired by Defendants at the latest, with the earliest instance being sixteen years before Plaintiff was hired. Furthermore, *Tartikov* was not an employment case, nor does it show a pattern or practice of Defendants to fire employees who support Jewish residents. None of the facts in *Tartikov* make it probable that Plaintiff was terminated for supporting Jewish people. There is also no evidence that Plaintiff supported the Plaintiffs in *Tartikov.* Much like the audio recordings supplied by Plaintiff, the *Tartikov* decision is little more than a red herring in the instant matter.

F. *The New York State Division of Human Rights report is insufficient to defeat summary judgment.*

Plaintiff points to the findings by the New York State Division of Human Rights as proof that Defendants have fired Plaintiff for supporting Jewish people. However, the Division's report does not establish any proof of discrimination. Rather, a review of the report shows that the investigator simply recommended a hearing to determine whether Plaintiff was terminated for discriminatory reasons. A hearing was never held as Plaintiff opted to file in court rather than engage in the hearing. Furthermore, the report was not based on any affidavits or sworn testimony. Based on the same, the report holds no probative value.

# CONCLUSION

Wherefore, considering the foregoing, it is respectfully submitted that the Village is entitled to summary judgment pursuant to Fed. R. Civ. P. 56.

Dated: New York, New York
June 23, 2020

>Respectfully submitted,
>**MORRIS DUFFY ALONSO & FALEY**
>
>By:      /s/ Kenneth E. Pitcoff
>           KENNETH E. PITCOFF
>           JONATHAN A. TAND
>           *Attorneys for Village of Pomona*
>           Office and Post Office Address
>           101 Greenwich Street, 22nd Floor
>           New York, New York 1006
>           Telephone: (212) 766-1888
>           Fax:  (212) 766-3252
>           Our File No.: (TRV) 70867

TO:     **VIA ECF**
        **SUSSMAN & ASSOCIATES**
        *Attorneys for Plaintiff*
        NOREEN SHEA
        PO Box 1005
        1 Railroad Avenue, Suite 3
        Goshen, New York 10924
        (845) 294-2991

        **JACKSON LEWIS**
        *Attorneys for Brett Yagel*
        44 South Broadway
        14th Floor
        White Plains, NY 10601