UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X 18-cv-11170(cs)
NOREEN SHEA

                                  Plaintiff.

         -against-

VILLAGE OF POMONA, and BRETT YAGEL

                                 Defendants
-----------------------------------------------------------------X

DEFENDANT VILLAGE OF POMONA'S RESPONSE TO PLAINTIFF'S COUNTERSTATEMENT OF MATERIAL FACTS

         Defendant, Village of Pomona (hereafter referred to as "Defendant"), by and through his attorneys, Morris, Duffy, Alonso, & Faley, respectfully submits this Response to Plaintiff's Counterstatement of Additional Undisputed Material Facts ("Plaintiff's Counterstatement").

## I. ANTI-SEMITISM PERVADED PLAINTIFF'S WORK ENVIRONMENT

1. In or about late January 2017, plaintiff commenced taping Yagel and Zummo because she found their conversations offensive and wanted to record their antisemitic comments. Shea Deposition at 191. The recordings are date and time stamped on plaintiff's phone. Id. at 189. Plaintiff was present when she recorded the conversations. Id. at 193.

**Defendant's Response :**

Defendant denies the allegations set forth in Statement 1 to the extent they include conclusory, argumentative statements, except admits that Plaintiff made audio recordings using her phone and testified that she was present when she recorded such conversations. Defendant further objects to the allegations set forth in Statement 1 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. See Holtz v. Rockefeller Co., 258 F.3d 62, 73 (2d Cir. 2001) (holding that the Court should disregarding assertions in a 56.1 statement that are not supported by admissible record evidence); Olin Corp. v. Lamorak Ins. Co., 332 F. Supp. 3d 818, 838-39 (S.D.N.Y. 2018) (stating that assertions in a 56.1 statement that include argumentative or conclusory allegations should be disregarded by the Court).

2. The recordings are date and time stamped on plaintiff's phone. Id. at 189.

**Defendant's Response:**

Defendant denies the allegations set forth in Statement 2 to the extent they include conclusory, argumentative statements, Defendant further objects to the allegations set forth in Statement 2 because Plaintiff cites to evidence that is either inadmissible, or irrelevant t. See Holtz., 258 F.3d 62, 73 (2d Cir. 2001; Olin., 332 F. Supp. 3d 818, 838-39 (S.D.N.Y. 2018).

3. Plaintiff was present when she recorded the conversations. Id. at 193. Plaintiff heard Yagel make derogatory comments about a number of Hasidic/Orthodox developers/landowners, including, but not limited to, Manes, Indig, Klein and Hirskowitz. Id. at 195-216. Shea Recordings: February 1st at 25 minutes 10 seconds-26 minutes, February 2nd Part 2 at 11-12 minutes, February 3rd Part 1 at 43-45 minutes, February 3rd Part 1 at 1 hour 10-14 minutes, February 3rd Part 2 at 16 minutes 30 seconds-17 minutes, February 3rd Part 2 at 39 minutes - March 31st at 10 minutes-10 minutes 30 seconds, March 31st Part 1 at 48 minutes-48 minutes 30 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Statement 3 to the extent they include conclusory, argumentative statements, Defendant further objects to the allegations set forth in Statement 3 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. See Holtz., 258 F.3d 62, 73 (2d Cir. 2001; Olin., 332 F. Supp. 3d 818, 838-39 (S.D.N.Y. 2018).

4. These stereotypic comments typically involved their desire to violate the law for the sake of making money. Shea Affidavit at para. 14. Shea Recordings February 3rd Part 1 at 1 hour 10 minutes-1 hour 14 minutes, February 3rd Part 2 at 39-40 minutes, February 14th Part 2 at 38-39 minutes.

**Defendant's Response 4:**

Defendant denies the allegations set forth in Statement 4 to the extent they include conclusory, argumentative statements, Defendant further objects to the allegations set forth in Statement 4 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. See Holtz., 258 F.3d 62, 73 (2d Cir. 2001; Olin., 332 F. Supp. 3d 818, 838-39 (S.D.N.Y. 2018).

5. On February 1, 2017, Defendant Brett Yagel discussed alleged property violations at the home of a Jewish resident with Building Inspector Louis Zummo (Zummo). Shea Recording February 1st at 0-2 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Statement 5 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Statement 5 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

6. Upon learning of the size of new additions to the home, Defendant Yagel remarked, "Is he building it for a Synagogue?" Shea Recording February 1st at 0 minutes 50 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Statement 6 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Statement 6 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

7. Defendant Yagel was aware that this property was a place of residence and not a designated place of worship. Shea Recording February 1st at 0 minutes-2 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Statement 7 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Statement 7 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

8. On the same day, Defendant Yagel spoke with an official at the Town of Ramapo to discuss a list of tax-exempt properties. Shea Recording February 1st at 1 hour 17 minutes 20 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Statement 8 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Statement 8 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

9. Defendant Yagel asserted that some single-family homes were being given tax- exempt status by claiming to be houses of worship. Shea Recording February 1st at 1 hour 17 minutes 50 seconds.

**Defendant's Response 9:**

Defendant denies the allegations set forth in Statement 9 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Statement 5 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

10. Defendant Yagel implied that residents of these homes were "trying to skirt the law." Shea Recording February 1st at 1. hour 23 minutes 30 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Statement 10 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Statement 10 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

11. On February 3, 2017, Defendant Yagel and Zummo discussed a code violation that Zummo had recently given out in the Village of Airmont. Shea Recording February 3rd Part 1 at 43-44 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Statement 11 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Statement 11 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

12. At this time, Zummo worked part-time as the Building Inspector in the Village of Airmont, as well as part-time as the Building Inspector in the Village of Pomona. Zummo Transcript Pages 56-57.

**Defendant's Response 12:**

Admit

13. Zummo laughed as he told Defendant Yagel that "a Hasidic house-flipper" in the Village of Airmont had recently been fined $12,500 for violating a stop-work order and for working without a permit. Shea Recording February 3rd Part 1 at 44 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 13 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 13 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

14. Defendant Yagel responded, "That's what we need over here," in reference to the Village of Pomona. Shea Recording February 3rd Part 1 at 44 minutes 17 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 14 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 14 because Plaintiff cites to evidence that is either inadmissible, or Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

15. Defendant Yagel stated that he wanted to start "banging these house-flippers," implying that he wanted to issue large fines to Hasidic contractors. Shea Recording February 3rd Part 1 at 44 minutes 19 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 15 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 15 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

16. Zummo further stated, "We gotta stop people like that," implying that the Village should take action against Hasidic contractors. Shea Recording February 3rd Part 1 at 44 minutes 50 seconds

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 16 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 16 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

17. In the same conversation, Defendant Yagel stated, "I want the maximum on that property. The absolute maximum," when referring to a property being worked on by a Jewish builder. Shea Recording February 3rd Part 1 at 45 minutes 3 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 17 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 17 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

18. By saying this, Defendant Yagel implied that Zummo should issue the largest fine possible to the Jewish builder.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 18 on the basis that there are no citations to the record supporting this claim. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 19 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

19. On the same day, Defendant Yagel was present when two Jewish residents entered the office and went to the counter for assistance. Shea Recording February 3rd Part 1 at 51 minutes 40 seconds.

**Defendant's Response:**

 Defendant denies the allegations set forth in Paragraph 19 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 19 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

20. The residents asked Plaintiff and Zummo questions about Village rules concerning the placement of shipping containers, mobile homes and tiny homes on a specific property. Shea. Recording February 3rd Part 1 at 52 minutes - 1 hour 1 minute.

**Defendant's Response:**

 Defendant denies the allegations set forth in Paragraph 20 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 20 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

21. Zummo answered their questions and told the residents that the Village does not permit shipping containers, mobile homes, or tiny homes on properties, unless they are built behind a larger main home. Shea Recording February 3rd Part 1 at 52 minutes - 1 hour 1 minute.

**Defendant's Response:**

 Defendant denies the allegations set forth in Paragraph 21 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 21 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

22. The residents thanked Plaintiff and Zummo for their help and left. Shea Recording February 3rd Part 1 at 1 hour 1 minute.

**Defendant's Response:**

 Defendant denies the allegations set forth in Paragraph 22 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 22 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

23. Defendant Yagel later inquired what the residents had needed help with. Shea Recording February 3rd Part 1 at 1 hour 10 minutes 55 seconds.

**Defendant's Response:**

 Defendant denies the allegations set forth in Paragraph 23 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects

to the allegations set forth in Paragraph 23 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

24. Zummo did a mocking impersonation of one of the men asking to put 4-5 tiny homes on one property. Shea Recording February 3rd Part 1 at 1 hour 11 minutes- 1 hour 12 minutes 20 seconds.

**Defendant's Response:**

 Defendant denies the allegations set forth in Paragraph 24 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 24 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

25. Defendant Yagel did not address the inappropriate impersonation or the mocking tone of his employee. Shea Recording February 3rd Part 1 at 1 hour 11 minutes- 1 hour 12 minutes 20 seconds.

**Defendant's Response:**

 Defendant denies the allegations set forth in Paragraph 25 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 25 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

26. Rather, defendant Yagel reacted, "People like that, look at the code. Don't even give them information." Shea Recording February 3rd Part 1 at 1 hour 12 minutes 25 seconds.

**Defendant's Response:**

 Defendant denies the allegations set forth in Paragraph 26 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 26 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

27. Defendant Yagel implied that Zummo and Plaintiff should not assist Jewish residents or answer their questions.

**Defendant's Response:**

 Defendant denies the allegations set forth in Paragraph 27 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 27 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

28. Defendant Yagel further stated, "These two bozos that come in here, they can FOIL. Our laws are online. Please don't give any more information out because--let them talk, and as much as they're going to aggravate, don't say a fucking word. Because they're trying their hardest. You

know they're trying their fucking hardest" while referring to the two Jewish residents who had exited the room. Shea Recording February 3rd Part 1 at 1 hour 13 minutes 9 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 28 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 28 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

29. Defendant Yagel instructed Zummo and Plaintiff to give Jewish residents additional paperwork instead of answering their questions directly. Shea Recording February 3rd Part 1 at 1 hour 13 minutes 9 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 29 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 29 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

30. Defendant Yagel further implied that the two Jewish residents had been attempting to aggravate or trick Zummo and Plaintiff. Shea Recording February 3rd Part 1 at 1 hour 13 minutes 9 seconds.

**Defendant's Response to Paragraph 30:**

Defendant denies the allegations set forth in Paragraph 30 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 30 because Plaintiff cites to evidence that is either inadmissible, or irrelevant t. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

31. The two Jewish residents were friendly with Zummo and Plaintiff and did nothing to suggest that they would violate Village law. Shea Recording February 3rd Part 1 at 52 minutes - 1 hour 1 minute.

**Defendant's Response to Paragraph 31:**

Defendant denies the allegations set forth in Paragraph 31 on the basis that the citations to the record do not support Plaintiff's contentions as well as the fact that the statement is conclusory and argumentative. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 31 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

32. Also on February 3rd, Defendant Yagel and Zummo discussed the progress of projects of a Jewish builder, Mr. Hirskowitz. Shea Recording February 3rd Part 2 at 39 minutes 3 seconds - 10 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 32 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 32 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

33. Defendant Yagel expressed surprise that this builder had moved his projects along so quickly. Shea Recording February 3rd Part 2 at 39 minutes 3 seconds-10 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 33 on the basis that the citations to the record do not support Plaintiff's contentions as well as the fact that the statement is conclusory and argumentative. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 33 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

34. Defendant Yagel asked Zummo, "There's two more fucking houses. What the hell is going on?", with reference to the speed of these projects. Shea Recording February 3rd Part 2 at 39 minutes 13 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 34 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 34 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

35. Zummo responded, "He's making monies." Shea Recording February 3rd Part 2 at 39 minutes 15 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 35 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 35 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

36. Instead of addressing his staff member's Jewish stereotype, Defendant Yagel responded with, "That's fine, but I have to call and thank him for saving me a plot in the cemetery," then laughed. Shea Recording February 3rd Part 2 at 39 minutes 18 seconds.

37. This comment was a reference to the fact that the same Jewish builder was currently being sued by the Village for building on an alleged cemetery. Shea Recording February 2nd Part 2 at 19 minutes 45 seconds-20 minutes 40 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 35 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 35 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

38. On the same day, Defendant Yagel was present in the office when the phone rang. Shea Recording February 3rd Part 2 at 16 minutes 25 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 38 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 38 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

39. After Plaintiff answered the phone, Defendant Yagel stated, "I bet it's Schlomo Fuerst. If it is, hang up." Shea Recording February 3rd Part 2 at 16 minutes 55 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 39 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 39 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

40. Zummo told Defendant Yagel that Mr. Fuerst's first name is Solomon, not Schlomo. Shea Recording February 3rd Part 2 at 17 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 40 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 40 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

41. Defendant Yagel replied by saying, "Whatever," in an annoyed tone. Shea Recording February 3rd Part 2 at 17 minutes 1 second.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 41 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects

to the allegations set forth in Paragraph 41 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

42. On the same day, Defendant Yagel learned that Zummo had scheduled a meeting with Mr. Fuerst, a Jewish realtor, to discuss a specific property. Shea Recording February 3rd Part 2 at 40 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 42 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 42 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

43. Defendant Yagel again referred to Mr. Fuerst as "Schlomo" and was again corrected by Zummo. Shea Recording February 3rd Part 2 at 40 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 43 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 43 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

44. Defendant Yagel asked why Zummo was meeting with Mr. Fuerst and asked whether Mr. Fuerst owns any property in the Village. Shea Recording February 3rd Part 2 at 40 minutes 18-25 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 44 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 44 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

45. Zummo informed Defendant Yagel that Mr. Fuerst owns four lots of property in the Village. Shea Recording February 3rd Part 2 at 40 minutes 29 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 45 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 45 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

46. Zummo told Defendant Yagel that he agreed to meet with Mr. Fuerst and a Jewish doctor who is interested in purchasing a million-dollar home in the Village. Shea Recording February 3rd Part 2 at 40 minutes 38 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 46 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 46 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

47. Defendant Yagel stated, "You are not their personal building inspector." Shea Recording February 3rd Part 2 at 41 minutes 38 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 47 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 47 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

48. Defendant Yagel told Zummo that he should not meet with Mr. Fuerst. Shea Recording February 3rd Part 2 at 42 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 48 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 48 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

49. Defendant Yagel stated, "Have him put it in writing. Have them put everything in writing. They have questions, they can put it in writing." Shea Recording February 3rd Part 2 at 42 minutes 42 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 49 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 49 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

50. Zummo explained that the potential buyer needed to see the building plans submitted to the Village because the previous homeowner was unable to provide accurate records and the buyer

needed to know of any violations on the property. Shea Recording February 3rd Part 2 at 46 minutes 20 seconds - 35 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 50 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 50 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

51. Defendant Yagel instructed his staff to delay working with Mr. Fuerst and the Jewish doctor. Shea Recording February 3rd Part 2 at 42 minutes 42 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 51 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 51 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

52. On February 6, 2017, Zummo and Plaintiff discussed setting up a Technical Advisory Committee (TAC) meeting for a Jewish resident, Mr. Ecker. Shea Recording February 6th at 27 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 52 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 52 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

53. The TAC meeting was necessary for Mr. Ecker to gain approval of his plans to pave the roads near his home. Shea Recordings February 6th at 28 minutes - 28 minutes 30 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 53 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 53 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

54. Plaintiff suggested to Zummo that she could contact Mr. Brady, the Acting Village Engineer, to work out scheduling. Shea Recording February 6th at 29 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 54 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 54 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

55. Zummo agreed that Plaintiff should contact Mr. Brady and try to schedule the meeting. Shea Recording February 6th at 29 minutes 2 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 55 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 55 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

56. Plaintiff began to search for Mr. Brady's phone number. Shea Recording February 6th at 29 minutes 30 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 56 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 56 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

57. Defendant Yagel later called the office and asked Plaintiff why she needed Mr. Brady's phone number. Shea Recording February 5th at 1 hour 15 minutes 3 seconds - 25 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 57 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 57 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

58. Plaintiff picked up the phone and told Defendant Yagel that they needed Mr. Brady's phone number to schedule Mr. Ecker's TAC meeting. Shea Recording February 6th at 1 hour 15 minutes 3 seconds-25 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 58 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 58 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

59. Defendant Yagel then asked to speak with Zummo. Shea Recording February 6th 1 hour 15 minutes 43 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 59 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 59 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

60. Zummo picked up the phone and told Defendant Yagel that the TAC meeting was necessary to discuss the paving of the road leading to the site for Mr. Ecker's home. Shea Recording February 6th 1 hour 16 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 60 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 60 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

61. Zummo spoke with Defendant Yagel for several minutes and discussed Mr. Ecker's plans to pave High Mountain, then hung up. Shea Recording February 6th 1 hour 16 minutes-17 minutes 50 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 61 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 61 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

62. Plaintiff asked Zummo again about Pat Brady's phone number. Shea Recordings February 6th at 1 hour 19 minutes 58 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 62 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 62 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

63. Zummo told Plaintiff, "You ain't getting it.: Shea Recording February 6th at 1 hour 20 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 63 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 63 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

64. Zummo told Plaintiff, "Brett said no TAC meeting." Shea Recording February 6th at 1 hour 20 minutes 4 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 64 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 64 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

65. Zummo told Plaintiff that Defendant Yagel had told him, "Nobody's rushing to give Mr. Ecker a TAC meeting." Shea Recording February 6th at 1 hour 20 minutes 12 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 65 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 65 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

66. Zummo told Plaintiff that Defendant Yagel would not allow a TAC meeting to happen until attorneys looked into Mr. Ecker's situation. Shea Recording February 6th at 1 hour 20 minutes 45 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 66 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 66 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

67. Later the same day, Defendant Yagel returned to the office and inquired of his staff, "So who's pushing the TAC meeting?" Shea Recording February 6th at 2 hours 28 minutes 40 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 67 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 67 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

68. Plaintiff explained to Defendant Yagel that she had been asked by Mr. Ecker to schedule the meeting so that his plans could move forward. Shea Recording February 6th at 2 hours 28 minutes 50 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 68 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 68 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

69. Defendant Yagel replied, "They don't have the right to tell you to set it up. No, absolutely not." Shea Recording February 6th at 2 hours 28 minutes 54 seconds - 2 hours 29 minutes 7 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 69 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 69 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

70. By this, Defendant Yagel meant that Plaintiff should not schedule the meeting with Mr. Ecker. Shea Recording February 6th at 2 hours 28 minutes 54 seconds - 2 hours 29 minutes 7 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 70 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 70 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

71. Defendant Yagel instructed Plaintiff and Zummo to unnecessarily delay the scheduling of a meeting for a Jewish resident. Shea Recording February 6th at 2 hours 28 minutes 54 seconds - 2 hours 29 minutes 7 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 71 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 71 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

72. On February 10, 2017, Defendant Yagel personally called a resident, Steve Hodavonic, to discuss his appearance as a witness in a court case against Sima Abensen, an Orthodox realtor. Shea Recording February 10th Part 1 at 7 minutes 12 seconds - 7 minutes 55 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 72 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 72 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

73. Mr. Hodavonic told Defendant Yagel that he was not able to attend court on the specified date. Shea Recording February 10th Part 1 at 8 minutes 20 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 73 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 73 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

74. Defendant Yagel told Mr. Hodavonic that he would try to change the court date to ensure that he was able to attend as a witness. Shea Recording February 10th Part 1 at 8 minutes 26-55 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 74 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 74 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

75. Defendant Yagel then called Christopher Riley, the prosecuting attorney, to attempt to change the court date. Shea Recording February 10th Part 1 at 9 minutes-10 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 75 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 75 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

76. While speaking with Mr. Riley, Defendant Yagel learned that Ms. Abensen was planning on pleading guilty during the next court date. February 10th Part 1 at 20 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 76 on the basis that the citations to the record do not support Plaintiff's contentions and they are speculative. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 76 because Plaintiff cites to

evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

77. Defendant Yagel told Mr. Riley, "Get her for the maximum fine, because she's a fucking idiot and she's a nasty, nasty bitch." Shea Recording February 10th Part 1 at 19 minutes 15 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 77 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 77 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

78. Defendant Yagel told Mr. Riley, "Full fine, baby. Five hundred bucks. That'll jerk her around." Shea Recording February 10th Part 1 at 19 minutes 45 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 78 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 78 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

79. Defendant Yagel was not a Village attorney and was not responsible for scheduling court dates or working out plea deals.

80. On February 13, 2017, Zummo told Plaintiff that he would be meeting with the United Talmudical Association (UTA) during the week. Shea Recording February 13th at 1 hour 30 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 80 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 80 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

81. Zummo told Plaintiff that the UTA wanted approval and documentation for a school on Cherry Lane at the site of a former camp. Shea Recording at 1 hour 38 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 52 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 52 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

82. Zummo described himself as "the mean bastard stopping them from doing it." Shea Recording at 1 hour 40 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 82 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 52 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

83. Zummo explained to Plaintiff alleged issues with the UTA's documentation and stated that he had explained it to them and to their "fucking lawyers" multiple times. Shea Recording at 1 hour 50 seconds - 1 hour 1 minute 10 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 83 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 83 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

84. Zummo then mocks a stereotypical response of the UTA in a Jewish accent, "I don't understand, why can't you do this for me? What would make it illegal? Because it's a Jewish school?" Shea Recording 1 hour 1 minute 20 seconds - 40 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 84 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 84 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

85. Zummo further mentions wearing a "Hitler-was-right hat." Shea Recording 1 hour 2 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 85 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 85 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

86. On February 14, 2017, Defendant Yagel and Plaintiff had a discussion about the home of a Jewish resident, Aaron Cohen, which recently had a fire. Shea Recordings February 14th Part 1 at 8 minutes 49 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 86 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 86 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

87. Plaintiff asked Defendant Yagel what happened at the home and where the fire took place. Shea Recordings February 14th Part 1 at 8 minutes 49 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 87 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 87 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

88. Defendant Yagel replied, "Cohen's a bitch." Shea Recordings February 14th Part 1 at 8 minutes 55 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 88 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 88 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

89. Later the same day, Plaintiff discusses scheduling an early morning inspection of Mr. Cohen's home. Shea Recording February 14th Part 2 at 38 minutes 12 -20 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 89 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 89 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

90. Defendant Yagel told Plaintiff that she does not have to schedule it early in the morning and says, "Well Mr. Cohen wants it before the first, because you know why, that's when the tax assessment gets reduced. That's why Aaron Cohen is all over this." Shea Recordings February 14th Part 2 at 38 minutes 35 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 90 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects

to the allegations set forth in Paragraph 90 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

91. Defendant Yagel further stated, "Why should the rest of us pay for it because you have fire damage?" Shea Recordings February 14th Part 2 at 38 minutes 50 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 91 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 91 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

92. Defendant Yagel implied that Mr. Cohen was trying, to cheat the Village of taxes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 92 on the basis there are no citations to the record as well as being speculative and argumentative. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 92 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

93. On March 1, 2017, Defendant Yagel and Zummo discussed a violation at the home of a Jewish resident. Shea Recording March 1st at 8 minutes 25 seconds - 9 minutes 20 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 93 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 93 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

94. Zummo stated, "The Jewish mentality works that way. I could go over there every day and they're going to go and do what they want because they don't want restrictions. They're like 6 year olds." Shea Recording March 1st at 9 minutes 27 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 94 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 94 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

95. Defendant Yagel did not address this comment or correct his staff member's religious stereotyping.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 95 on the basis that this is not supported by any citation to the record. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 95 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

96. The same day, a Hasidic resident entered the office while Defendant Yagel, Zummo, and Plaintiff were present. Shea Recording March 1st at 34 minutes 30 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 96 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 96 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

97. Zummo recalled inspecting the resident's kitchen on a previous occasion and spoke with her at the counter for several minutes. Shea Recording March 1st at 34 minutes 34 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 97 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 97 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

98. Both Zummo and Defendant Yagel spoke with the resident in a friendly tone and remarked on her unusual accent. Shea Recording March 1st at 34 minutes 40 seconds-46 minutes 30 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 98 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 98 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

99. The resident told them that she had moved to the Village two years ago. Shea Recording March 1st at 41 minutes 10 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 99 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 99 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

100. After the resident left, Zummo remarked that, "For a Hasidic woman, she was very normal." Shea Recording March 1st at 51 minutes 20 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 100 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 100 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

101. Defendant Yagel did not condemn Zummo's remark and instead replied, "She's not from around here, that's why." Shea Recording March 1st at 51 minutes 25 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 101 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 101 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

102. On March 3, 2017, Defendant Yagel and Zummo discussed the work of an Orthodox Jewish builder in the Village. Shea Recording March 3rd Part 2 at 50 minutes 40 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 102 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 102 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

103. Zummo told the Mayor that he suspected the builder was planning to add apartments in the basement of a home, but that he had not yet received the final plans. Shea Recording March 3rd Part 2 at 50 minutes 40 seconds - 51 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 103 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 103 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

104. Defendant Yagel asked Plaintiff if the builder had submitted a check to the Village. Shea Recording March 3rd Part 2 at 51 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 104 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 104 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

105. The Plaintiff told Defendant Yagel that the builder had not yet submitted a check. Shea Recording March 3rd Part 2 at 51 minutes 2 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 105 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 105 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

106. Defendant Yagel told Plaintiff and. Zummo, "Have him write a check. Accept the plans. Cash the check. Then write him a letter, and deny." Shea Recording March 3rd Part 2 at 51 minutes 3 seconds -10 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 106 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 106 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

107. Defendant Yagel further stated, "Can we get his license pulled? He's a slimy bag." Shea Recording March 3rd Part 2 at 53 minutes 5 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 107 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 107 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

108. Defendant Yagel then commented that he thought the builder's "skin color doesn't look right" Shea Recording March 3rd Part 2 at 53 minutes 17 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 108 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 108 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

109. On the same day, Zummo and Plaintiff discussed a vehicle fine received by a worker who drove to Ulster County to complete a job for a Jewish resident. Shea Recording March 3rd Part 1 at 1 hour 31 minutes 30 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 109 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 109 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

110. Zummo mimicked the speech of a Jewish man asking the worker to come to complete a job. Shea Recording March 3rd Part 1 at 1 hour 31 minutes 55 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 110 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 110 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

111. Also on March 3 , Plaintiff, Zummo, and Fran Arsa Artha (Artha) were present in the office when a resident came to the counter to ask about Village code involving the parking of ambulances and police cars. Shea Recording March 3rd Part 2 at 1 hour 14 minutes 50 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 111 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 111 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

112. The resident complained that multiple police cars and ambulances from the Town of Ramapo were parked on her street. Shea Recording March 3rd Part 2 at 1 hour 15 minutes - 16 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 112 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 112 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

113. Artha then told the resident, "You know what they use those ambulances for? Chauffeurs." Shea Recording March 3rd Part at 1 hour 16 minutes 55 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 113 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 113 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

114. Zummo tells the resident, "They use them to shuttle rabbis in. They get away with it all the time." Shea Recording March 3rd Part 2 at 1 hour 17 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 114 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 114 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

115. Zummo further tells the resident, "They use the lights and sirens. The police won't stop an ambulance." Shea Recording March 3rd Part 2 at 1 hour 17 minutes 30 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 115 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 115 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

116. By this, Zummo implied that Jewish residents in the Village were breaking the law by using ambulances for their own religious purposes. Shea Recording March 3rd Part 2 at 1 hour 17 minutes 30 seconds. **Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 116 on the basis that the citations to the record do not support Plaintiff's contentions, and is argumentative, speculative, and conclusory. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 116 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

117. On March 31, 2017, Plaintiff, Defendant Yagel, and Zummo discussed an upcoming inspection for a Jewish resident. Shea Recording March 31st Part 1 at 47 minutes 45 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 117 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 117 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

118. Defendant Yagel states he spoke with the resident previously and warned him to get his property inspected before started work on the plumbing system. Shea Recording March 31st Part 1 at 48 minutes 5 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 118 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 118 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

119. Zummo then mimicked the Jewish homeowner stating, "In Brooklyn and n Ramapo this does not happen."

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 119 on the basis that there is no citation to the record, and this allegation is argumentative, conclusory and speculative.  See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 119 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

120. Defendant Yagel did not address this mimicking behavior and did not issue any discipline for the inappropriate behavior.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 120 on the basis that there is no citation to the record, and this allegation is argumentative, conclusory and speculative.  See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 120 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

121. On March 31, 2017, Defendant Yagel and Zummo discussed the removal of trees at an Orthodox Jewish home in the Village. Shea Recording March 31st Part 1 at 10 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 121 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 121 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

122. Zummo stated, "That's the way the Orthodox like it, 'I don't want to maintain anything. I don't want anything near my house. I want a nice big flat yard for my kids to play in. So I'm going to clear anything that grows.'" Shea Recording March 31st Part 1 at 10 minutes 12 seconds - 22 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 122 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 122 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

123. Defendant Yagel did not address this stereotyped statement from his staff member.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 123 on the basis that there is no citation to the record, and this allegation is argumentative, conclusory and speculative.  See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 123 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

124. The same day, Defendant Yagel, Plaintiff, and Zummo discussed a home being built by an Orthodox Jewish builder. Shea Recording March 31st Part 1 at 11 minutes.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 124 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 124 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

125. Zummo told Defendant Yagel that the building plans for the property contained several different structures and required building close to the property line. Shea Recording March 31st Part 1 at 12 minutes 10 seconds - 12 minutes 40 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 125 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 125 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

126. Defendant Yagel asked why the department was allowing the property to move forward and was not denying the plans. Shea Recording March 31st Part 1 at 12 minutes 44 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 126 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 126 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

127. Plaintiff explained to Defendant Yagel that the builder had already attended two TAC meetings to receive approval and only needed approval from the Planning Board at that point. Shea Recording March 31st Part 1 at 12 minutes 57 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 127 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 127 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

128. Defendant Yagel then suggested that an attorney should attend the Planning Board meeting with the builder. Shea Recording March 31st Part 1 at 12 minutes 55 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 128 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 128 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

129. In discussing the plan for a wall around this property, Zummo stated that he told the builder, "This isn't Tel Aviv. Cut it back." Shea Recording March 31st Part 1 at 16 minutes 35 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 129 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects to the allegations set forth in Paragraph 129 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

130. Defendant Yagel did not address this statement and instead suggested that the builder should plant arborvitae trees to create his wall. Shea Recording March 31st Part 1 at 17 minutes 4 seconds.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 130 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74. Defendant further objects

to the allegations set forth in Paragraph 130 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

131. Plaintiff heard Yagel make derogatory comments about a number of Hasidic/Orthodox developers/landowners, including, but not limited to, Manes, Indig, Klein and Hirskowitz. Id. at 195-216. These stereotypic comments typically involved their desire to violate the law for the sake of making money. Shea Affidavit at para. 14.

**Defendant's Response:**

Defendant admits this is what is said in Plaintiff's affidavit but denies it as being untrue, conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 131 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

131A. Defendant Yagel and Louis Zummo, her supervisor and the building inspector, repeatedly directed plaintiff to slow down the processing of applications, responses to FOIA requests or any other service she was engaged in performing for Hasidic/Orthodox people. Shea Affidavit, para. 15.

**Defendant's Response:**

Defendant admits this is what is said in Plaintiff's affidavit but denies it as being untrue, conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 131A because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

132. Plaintiff often expressed concern with these directions, making clear that she saw no reason to delay processing responses to requests or applications. Id.

**Defendant's Response:**

Defendant admits this is what is said in Plaintiff's affidavit but denies it as being untrue, conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 132 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

## II. PLAINTIFF'S HIRING AND REPORTING RELATIONSHIPS

133. Plaintiff and Nick Wilson, a member of the Village Board of Trustees, were "old friends" as of late 2015. Shea Deposition at 9.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as being  conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 133 because

Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

134. At a New Year's Eve Party on December 31, 2015, Wilson suggested that plaintiffs background made her an ideal candidate for the position of Deputy Clerk. Id. at 10, 35-36.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as being  conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 134 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

135. Plaintiff then interviewed at Village Hall with Mayor Yagel, deputy Mayor Leon Harris and Francis Arsa Artha. Id. at 13.

**Defendant's Response:**

Admitted.

136. At the interview, Yagel told plaintiff that the Village had a lot of problems that somebody needed to clean up, specifically "expired permits." Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as being  conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 136 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

137. After the interview, the Mayor called and offered her the job. Id. at 16.

**Defendant's Response:**

Admitted

138. Defendant Yagel told plaintiff she would be working for the Building Inspector, Louis Zummo. Id. at 16.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as being  conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 138 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

139. The deputy clerk worked from 9-4 each day and earned $50,000. Id. at 16.

**Defendant's Response:**

Admitted

140. Plaintiff commenced work on February 1, 2016. Id. at 22, 30.

**Defendant's Response:**

Admitted

141. Plaintiff understood Zummo was her "boss." Id. at 26.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as being  conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 141 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

142. Artha claimed she was plaintiff's boss. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as being  conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 142 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

143. The Mayor stated he was the boss. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as being  conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 143 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

144. To plaintiff, everyone was her boss. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as being  conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 144 because

Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

145. She reported mostly to the Building Inspector. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as being untrue. Defendant further objects to the allegations set forth in Paragraph 145 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

## III. PLAINTIFF'S TRAINING AND ASSIGNMENTS

146. The first priority for plaintiff was to close out expired building permits with the Building Inspector. Id. at 17.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

147. Plaintiff's predecessor gave her training, which was a "joke." Id. at 18.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it as being untrue conclusory, and argumentative. Defendant further objects to the allegations set forth in Paragraph 147 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

148. "I'd say we cleaned off her desk... she'd be singing and dancing in the office and I'd be looking at Fran like... she has to show me what we're doing here. We basically cleaned her desk that was stacked this high [three or four feet) you couldn't see it." Id. at 19.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

149. Carol told plaintiff about the application for building permits. Id. at 20.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

150. When plaintiff asked her what to do with the completed application, Carol told her "you stick it up your ass." Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

151. Plaintiff was not cross-trained to do the job of the Village Clerk, Arsa Artha though this was the contemplation for her position. Id. at 26-27, 152.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is untrue, speculative, argumentative, and conclusory.  Defendant further objects to the allegations set forth Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

152. Zummo told plaintiff that Artha would never cross-train her. Id. at 154, 11. 17-19.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is untrue, speculative, argumentative, and conclusory.  Defendant further objects to the allegations set forth Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

153. About a year after she started with the Village, Artha gave her two typed sheets of paper which said "duties of the deputy clerk" and told her to type the list immediately and email it to defendant Yagel. Id. at 28-29.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

154. Plaintiff started to scan the already typed-paper to the Mayor. Id. at 29. Artha directed her to re-type it; plaintiff explained she did not understand. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

155. Plaintiff had not received training on each of these alleged job duties. Id. at 29.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

156. Building permits were supposed to be issued 30 days after the filing of a complete application. Id. at 36.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is untrue, speculative, argumentative, and conclusory.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

157. Plaintiff worked closely with Zummo in setting up a schedule for him to do property inspections. Id. at 44.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is untrue, speculative, argumentative, and conclusory.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

158. Plaintiff scheduled inspections on an as needed basis, entered those scheduled on a outlook calendar and sent the schedule to both Zummo and Yagel. Id. at 47-48.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is untrue, speculative, argumentative, and conclusory.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

159. Zummo never complained to plaintiff about the way she was scheduling inspections. Id. at 47.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is untrue, speculative, argumentative, and conclusory.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

## IV. THE ANTI-SEMITIC CONDUCT OF DEFENDANT YAGEL DEFINES THE WORK ENVIRONMENT

160. Defendant Yagel was present a great deal at the office. Id. at 50-51, 58.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is untrue, speculative, argumentative, and conclusory.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

161. Often, Defendant Yagel stood at the counter where the public sought service. Id. at 58.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is untrue, speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

162. Defendant Yagel frequently interfered with the inspection schedule, calling Zummo into his office when the Building Inspector was supposed to be conducting an inspection. Id. at 47.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is untrue, speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

163. In many instances, including, but not limited to, Manes, Hirskowitz, Indig and Klein, Jewish applicants had to wait extensively for approvals of permits. Shea Affidavit at 15.

**Defendant's Response:**

Defendant denies 163 because it is untrue, speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

164. When asked to explain why Klein's application was so delayed, plaintiff recalled "all the sarcastic comments," a reference to claims by Yagel and Zummo that Klein was building a "hotel." Id. and Shea Deposition at 41.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies it because it is untrue, speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

165. Another Orthodox Jew, Hirskowitz, was building 41 homes in the Village. Id. at 49.

**Defendant's Response:**

Defendant denies 165 because it is speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

166. He had a substantial need for inspections by Zummo. Id.

**Defendant's Response:**

Defendant denies 166 because it is speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

167. On one occasion, after another inspection cancelled, plaintiff scheduled Zummo to do an inspection of one of Hirskowitz's properties the following day. Id. at 49.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 165 because it is speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

168. Yagel interfered, questioning why plaintiff "put him on so fast." Id. at 50.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 168 because it is speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record.

Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

169. Frequently, Yagel told plaintiff that "you can make them wait, a week or ten days." Id.

**Defendant's Response:**

Defendant  admits this is what Plaintiff testified to but denies 169  because it is speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

170. At first, plaintiff did not understand why the Mayor would interfere in this manner with the scheduling. Id. at 51.

**Defendant's Response:**

Defendant  admits this is what Plaintiff testified to but denies 170  because it is speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

171. Yagel would not explain his direction to delay. Id. at 54.

**Defendant's Response:**

Defendant  admits this is what Plaintiff testified to but denies 172  because it is speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

172. He would simply say, "you can make them wait ten days." Id. at 54.

**Defendant's Response:**

Defendant  admits this is what Plaintiff testified to but denies 172  because it is speculative, argumentative, and conclusory as well as reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

173. Plaintiff asked Zummo why the Mayor was behaving in this manner. Id. at 51-52.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 173 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

174. Zummo replied, "you're helping the Jews, that's why," and he would make that statement using a Jewish accent. Id. at 52.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 174 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.


175. Plaintiff would explain that she scheduled the appointment because of a cancellation and Zummo would tell her "no, no, no." Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 175 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

176. Asked for other examples of the same issue, plaintiff responded, "A lot-honestly all the FOIL requests, all the inspections." Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 176 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

177. Zummo explained to plaintiff that there were four or five levels of Jews and "the lowest are the real Hasids" and he did this "whole impression" of them. Id. at 53.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 177 because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

178. When asked what direct comments Yagel made which suggested his anti-Semitism, plaintiff recalled "the classic one,", "Go buy pork rinds for our guests when they come in, ha, ha ha." Id. at 56.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 178  because Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

179. 99% of the people who came to the counter asking for help were Hasidic or Orthodox Jews. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 179  because it is speculative, and conclusory as well as reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

180. While Yagel did not say, "don't give the Jews permits," plaintiff explained that you felt anti-semitism permeating the environment. Id. at 57.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 180  because it is conclusory as well as reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

181. Plaintiff recalled promptly processing 18 FOIL requests and Artha directing her to make the requestor wait and counting the number of days left before plaintiff had to respond to each. Id. at 57-58.

**Defendant's Response:**

Defendant denies the allegations set forth in Paragraph 181 on the basis that the citations to the record do not support Plaintiff's contentions. See Holtz, 258 F.3d at 74.

182. Likewise, applicants would call the office inquiring about their permits and plaintiff would ask Zummo for the status. Id. at 60.

**Defendant's Response:**

Defendant  admits this is what Plaintiff testified to but denies 182  because it is conclusory as well as reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

183. Zummo would respond that he could not issue a permit too fast or the Mayor would kill him. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 183 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

184. Zummo and Yagel together impersonated Jews: "they always did their - "we got the monies" - you know, they were always doing this banter back and forth..." Id. at 61.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 184 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

185. Zummo frequently imitated Jews at work on various occasions, several times in the presence of the Mayor. Shea Deposition at 121-22.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 185 because it is conclusory, argumentative, and reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

186. Plaintiff related that a Jewish woman came into the office and told plaintiff she was selling Avon. After she left, Zummo "was like, see, all the Jews they go to make the monies. Even the wife has to make the monies. Everybody's got to make the monies. And he would just walk around the office doing this." Id. at 122.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 186 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

187. According to Shea, "[E]very day it was that environment and so you saw, you felt it, you knew it." Id. **Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 187 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

188. Right after she started working, the Mayor told plaintiff to record the Orthodox when they came into the office. Id. at 155, 156.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 188 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

189. Specifically, he directed her to record that "bitch", Naomi Streiker, when she entered village hall. Id. at 190-91.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 189 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

190. Yagel showed plaintiff how to make recordings on her phone. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 190 because it is reliant on conclusions unsupported by the record.

191. Plaintiff recorded a few interactions with Orthodox people, decided doing so was wrong and began recording the Mayor. Id. at 155-56.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 191 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

192. Plaintiff responded to FOIA requests relating to the responsibilities of the Building Department, the Planning Board and the Zoning Board of Appeals. Id. at 67-68.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 192 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

193. Plaintiff observed little progress on closing expired permits. Id. at 71-72.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 193 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

194. Zummo was part-time and reluctant to work on expired permits. Id. at 72.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 194 because it is speculative, and reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

195. Plaintiff explained Zummo's reluctance to Yagel. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 195 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

196. When asked why there was such a backlog in permits, plaintiff responded, "You felt this anti-Semitism. They're taking over. They're taking over the village. The Orthodox are taking over the village. It was a slow-down process." Id. at 73.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 196 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, argumentative, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

## V. PRETEXTUAL BASES FOR ADVERSE ACTION

197. Plaintiff received no training with regard to death certificates until after Artha returned from her vacation in July 2016. Id. at 74.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 197 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, argumentative, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

198. Before then, Artha did everyone and the village paid her "a little cash on the side" for doing them. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 198 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, argumentative, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

199. Before leaving for vacation, plaintiff had asked Artha what to do if someone died when she was away. Id. at 76.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 199 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, argumentative, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

200. Artha responded that nobody will die. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 200 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, conclusory, argumentative, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

201. Two people did die while Artha was away. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 201 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as

Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

202. Plaintiff contacted knowledgeable persons and completed the death certificates, but her cover letter included the wrong date, June instead of July. Id. at 76-77.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 202 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, conclusory, argumentative, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

203. When Fran returned from vacation, she complained that plaintiff had not sent the certificate registered mail, though plaintiff knew of no such requirement. Id. at 77.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 203 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, conclusory, argumentative, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

204. Often, people seeking to buy property in Pomona would fill out a FOIA request and ask for a survey of the property or the property file. Id. at 62.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 204 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, conclusory, argumentative, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

205. Plaintiff would get the survey and make a copy, collecting 25 cents. Id. at 62.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 205 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

206. Plaintiff would not respond to complex FOIL requests without getting approval from Artha, the Mayor or Doris Ullman, Esq., the village attorney. Id. 63, 66.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 206 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

207. Plaintiff well understood the issue: she explained that Orthodox Jews would come to the counter, ask for a property survey through a FOIL; she would say "sure" and process the FOIL as they waited. Id. at 118.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 207 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

208. The process of responding took less than two minutes. Id. at 118-19.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 208 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

209. Zummo reported to plaintiff that Artha would report these interactions to the Mayor. Id. at 119.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 209 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

210. Zummo told plaintiff she could make the requester wait five days. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 210 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

211. She responded, "Why should I make them wait?" Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 211 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

212. This occurred on a daily basis. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 212 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, speculative, argumentative, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

212A. Plaintiff received no counseling memorandum concerning her job performance. Shea Affidavit at 11.

**Defendant's Response:**

Defendant admits this is what Plaintiff state in her affidavit to but denies 212A because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

212B. In April 2017, plaintiff received a raise from the Village Board. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 212B because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

## V. PLAINTIFF'S "EXPECTED" TERMINATION

213. Plaintiff was terminated on June 23, 2017. Id. at 110.

**Defendant's Response:**

Admitted

214. This occurred immediately after plaintiff had given Mr. Hirskowitz a Certificate of Occupancy while Yagel was angrily pacing around the office. Id. at 111.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 214 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

215. Plaintiff was not surprised by her termination; indeed, she expected it. Id. at 113.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 215 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

216. Plaintiff expected her termination because Zummo had told her that the Mayor was looking to get rid of her because she was a "Jew lover". Id. at 114.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 216 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

217. Zummo repeated this 3 or 4 times during the last several months of plaintiff's employment. Id. at 115.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 217 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

218. Her supervisor, Zummo, explained to plaintiff that Yagel called her this name because she helped Jewish residents and was courteous to them. Id. at 116.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 218 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as

Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

219. In the spring 2017, an Orthodox man, Avrohom Manes, brought his beautiful little baby to the office. Id. at 124.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 219 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

220. Shea kibitzed with Manes in a pleasant manner. Id. at 124.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 220 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

221. The Mayor was not present, but later told her that she should not have such friendly conversation and should have just asked if she could help Manes. Id. at 124.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 221 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

222. Zummo further explained to plaintiff that Yagel wanted to bring to Pomona his assistant from Airmont, Betty. Id. at 115.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 222 because it is reliant on conclusions unsupported by the record. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

223. Zummo explained that Betty hid him in the back of the office, did not have him answer calls from Jews or see them. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 223 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

224. On another occasion, before her termination, a woman came to the counter and indicated she had a job interview with the Mayor. Id. at 117.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 224 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

225. Plaintiff asked for what position and Artha did not answer her and directed her to ask the Mayor. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 225 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

226. Zummo told plaintiff to start looking for another job. Id.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 226 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

**VI. BEFORE SHE WAS TERMINATED PLAINTIFF COMPLAINED TO OTHER TRUSTEES AND THE VILLAGE ATTORNEY ABOUT THE ANTI-SEMITISM SHE EXPERIENCED**.

227. In February 2017, plaintiff complained to the village attorney about the whole antisemitic environment she experienced at work. Id. at 149-150; 222, 1, 24-223, 1.5.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 227 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

228. Plaintiff also informed Ms. Ullman about specific situations – "I told her it's very antisemitic the way he [Hirskowitz} is treated, the way they want me to delay his inspections..." Id. at 223.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 228 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

229. She also discussed with Ms. Ullman the treatment accorded the Indigs, querying why a year had passed since issuance of their permit. Id. at 224.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 229 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

230. Plaintiff also told Jerry Fox, a Planning Board member who was helping her buy a condo, that her job was not secure and that the Mayor had called her a "Jew lover." Id. at 225-26.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 230 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

231. As a result, plaintiff and Fox stopped looking at properties for her. Id. at 230.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 232 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

232. Plaintiff also spoke with Nick Wilson, a member of the Village Board of Trustees, dozens of times about the work environment and, more specifically, about the Mayor authorizing discriminatory practices against Jewish residents and builders. Id. at 226, 231.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 232 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

233. Wilson responded in a wishy-washy way, advising plaintiff to "keep her head down, do her job, get your pay check." Id. at 232.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 233 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

234. On one occasion, she reported to Trustee Wilson that Zummo told her than Yagel called her a "Jew lover." Id. at 227-228.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 234 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

235. Wilson was "not shocked." Id. at 228.

**Defendant's Response:**

Defendant admits this is what Plaintiff testified to but denies 235 because it is reliant on conclusions unsupported by the record.  Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either untrue, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

## VII. NYSDHR FINDS PROBABLE CAUSE OF RELIGIOUS DISCRIMINATION AGAINST PLAINTIFF

236. The New York State Division of Human Rights found probable cause that defendant discriminated against plaintiff on the basis of her advocacy for Jews. See Exhibit 1 to Sussman Affirmation.

**Defendant's Response:**

Defendant admits there was a probable cause finding but denies that it proves there was any decision reached on whether Plaintiff was discriminated against. A review of the document cited shows that the document calls for a hearing to see if there was any discrimination against Plaintiff. Defendant further objects to the allegations set forth, as Plaintiff cites to evidence that is either, inadmissible, or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

## VIII. PLAINTIFF'S TREATMENT CONTINUES ADJUDICATED ANTI-SEMITISM BY THE VILLAGE OF POMONA AND DEFENDANT YAGEL

237. The Village of Pomona and defendant Yagel were named defendants in Tartakoff, et al. v. Village of Pomona, et al., 138 F.Supp.3d 352 (S.D.N.Y. 2015).

**Defendant's Response:**

Admitted

238. In his decision finding defendant Village liable for religious discrimination, Judge Karas found that the Village Board had enacted amendments to its zoning code with the substantial purpose to discriminate against the movement of Hasidic/Orthodox Jews into the Village. See Exhibit 2 to Sussman Affirmation.

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 238 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

239. According to findings of fact rendered by Judge Karas following a ten day bench trial in which Yagel was represented in his official and individual capacities, "Before the Board voted on the proposed wetlands law, Village residents began campaigning to become or remain members of the Board, Sanderson, Yagel, and Louie ran together on a slate in the March 2007 Village election. (See Pls.' FOF ¶ 275.)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 239 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

240. "A major piece of their platform was opposition to Tartikov's development of the Subject Property. (Id. ¶ 276.)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 2v40 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

241. "One campaign flier stated: This year it is imperative that all village residents vote for leadership that have an unwavering long-term commitment to the Village. We are, according to the lawyers for the Rabbinical College of Tartikoff who have purchased land on Route 306 in the village, going to be faced with a proposal for a huge development that will include housing for thousands of adult students and their families. Their lawyers have not been shy to point out that they will use every legal avenue to pursue their plans, including the federal statute RLUIPA. Fn.19 From what we know of the plan as it has been leaked to the public, it will have real environmental and safety problems; compelling interests that will allow the village to fight this plan, if and when presented to the Village Board. You need to vote for a team that is prepared to stand up to this threat of using the fundamentally unfair RLUIPA statute as a hammer against our village. A team that is in it for the long term, and one that has already prepared themselves with a strategy to fight for Pomona. (Pls.' Ex. 41.)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 241 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

242. "This same flier states that "[t]he single most important issue facing the Village is clearly the Tartikoff development." (Id.)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 242 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

243. "Sanderson, Yagel, and Louie vowed to "vigorously defend [the Village's land use codes and regulations." (Id.)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 243 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

244. "A second flier reiterated these same concerns and made the same promises. (See Pls.' Ex. 42, at 2.)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 244 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

245. "In a campaign video, Sanderson stated that Tartikov "could completely change the village and the make-up of the village." (Pls.' Ex. 47, at 1.)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 245 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

246. Shortly before the election, Yagel and Louie drafted a submission for The Journal News editorial page, (see Pls.' FOF 286), stating their opposition to Tartikov's proposal and noting that "a virtual mini-city within the village[] that will house thousands of homogenous individuals" was not a "'natural' progression" for the Village. (Pls.' Ex. 17.)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 246 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

247. "Yagel was also quoted in the New York Times describing Plaintiff's plans for the Subject Property as "disgusting." (Pls.' Ex. 169, at 1 (internal quotation marks omitted).)

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 247 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

248. "Sanderson, Yagel, and Louie won the March 2007 election. (Joint Pretrial Order Stipulations of Fact 1(22.)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 248 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

249. A short time after his election to office, Yagel voted to adopt the 2007 Wetland Law.

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 249 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

250. "The Wetlands Law restricts Tartikov's use of the Subject Property because the location of the driveway onto the property falls within the 100-foot buffer mandated by that law. (See Trial Tr. 1018.) An access road cannot be built in any other location because of the presence of wetlands and steep slopes, which would require significant regrading. (See Id. at 781, 1017-18; Pls.' Ex. 1510 ("Beall Decl.") ¶¶ 264-65.)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 250 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

251. Judge Karas made additional findings of fact related to Mr. Yagel and the Village: "The Wetlands Law, the relevant provisions of which were adopted in April 2007 (Local Law No. 5 of 2007), was enacted despite the fact that there is no evidence that the Village conducted any studies prior to the adoption of the law to determine where the Village's wetlands were, what threats they faced, or how best to protect them. Village officials did, however, know there were wetlands located on the Subject Property before the law was adopted, (see Trial Tr. 670 (Marshall stating that he knew there were wetlands on the Subject Property prior to 2007); Pls.' Ex. 69, at 1 (email from Yagel discussing the presence of wetlands on the Subject Property); Pls.' Ex. 104, at 1 (Marshall noting, in January 2002, that there are wetlands on the Subject Property); Pls.' Ex. 107, at 2 (October 22, 2001 Board meeting minutes noting that Marshall "stressed" that YSV needed to protect the wetlands located on the Subject Property); Pls.' Ex. 141, at 20 (1997 Update to the Village's Master Plan noting that the Subject Property contains "part of a large State-regulated wetland")), indicating that this law was designed to prevent Tartikov from building its proposed rabbinical college."

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 251 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

252. The district court noted, "Further evidence that the Village passed the Wetlands Law to target Tartikov is found in the scope of the law's provisions. The law exempts from its coverage residences improved with single family residences. See Village Code § 126-3(D) ("The aforesaid [100] foot buffer in which regulated activities are not permitted to take place shall not apply to lots that are improved with single-family residences.") In the Village, there are 1,156 parcels of land,

with 285 of them located within 100 feet of mapped wetlands. (See Beall Decl. ¶ 180.) Of those 285 parcels, 240 of them are improved with single family residences, leaving a maximum of 45 parcels subject to regulation. (See id. ¶j 180-81.) The fact that the Subject Property just so happens to be one of the 45 parcels subject to regulation is telling."

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 252 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

253. "Also troubling is the Village's decision to adopt a law relating to wetlands in 2007, after it learned of Tartikov's proposed use, despite the fact that it considered passing a similar law in the 1990s. (See Ulman Aff. ¶ 92.) It was not until Tartikov came along that such a law became "necessary" to prevent the unidentified risks to the Village's unidentified wetlands."

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 253 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

254. Judge Karas found more than circumstantial evidence that the Village engaged in intentional religious discrimination in 2007, when it enacted the wetlands law, writing, "The Court need not rely solely on this circumstantial evidence to conclude that the Wetlands Law was conceived of and passed with a discriminatory purpose. Village officials explicitly stated their intent to thwart Tartikov's plans. Between the time the Wetlands Law was first proposed and the time that it was adopted, Sanderson, Louie, and Yagel indicated in campaign materials that voters needed to "stand up to the threat" that Tartikov posed, further stating "[y]ou need to vote for a team that is prepared to stand up to this threat of using the fundamentally unfair RLUIPA statute as a hammer against our village." (Pls.' Ex. 41.) Sanderson also specifically indicated in a campaign video that the rabbinical college "could completely change the village and the make-up of the village." (Pls.' Ex. 47, at 1 (emphasis added).) The campaign materials for all three candidates indicated that "the single most important issue facing the village [was] clearly the Tartiko[v] development." (Pls.' Ex. 41.) Sanderson, Louie, and Yagel won the election in March 2007, (see Joint Pretrial Order Stipulations of Fact I 22), and, at least, Yagel and Louie voted in favor of passing the Wetlands Law, (see Defs.' Post-Trial Brief ("Defs,' Mem.") 19 (Dkt. No. 323))."

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 254 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

255. The judge noted, "In addition to these comments, Plaintiffs have identified a number of other statements by Village officials indicative of Defendants' prejudice against Tartikov and

Orthodox/Hasidic Jews, see Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead, 98 F. Supp. 2d 347, 355 (S.D.N.Y. 2000) (holding that "discriminatory comments by the [m]ayor . present grounds for allowing a jury to judge the credibility, and motivation, of the [m]ayor . . as well as the motivation that can be attributed to the [v]illage itself in passing the disputed provisions"),                                                                                                including:
• In February 2007, Yagel and Louie authored a letter to The Journal News stating that "a virtual mini-city within the village . . . that will house thousands of homogenous individuals" was not a "natural" progression for the Village. (Pls.' Ex. 17 (internal quotation marks omitted).) Yagel was also quoted in the New York Times stating that it was "disgusting" that Tartikov was "trying to create [a] mini city in our village." (Pls.' Ex. 169, at 1 (internal quotation marks omitted).)19
• Sanderson has publicly stated that the Village should "maintain[] its cultural and religious diversity." (Pls.' Ex. 146 11 106 (internal quotation marks omitted).) However, Sanderson is unaware whether any Hasidic Jews live in the Village. (See Trial Tr. 559.)
• Leslie Sanderson, who served as Village Clerk, testified that she was worried Tartikov would "usurp" the Village and Board of Trustees. (Trial Tr. 543.) Louie made a Facebook post which indicated discriminatory animus towards the Orthodox/Hasidic Jewish population. (See Pls.' Ex. 72.) See Tartikov II, 138 F. Supp. 3d at 392-93."

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 255 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

256. As in the instant case, where Yagel has made efforts to disguise his discriminatory intent through the use of various code words, Judge Karas noted, "Significantly, these statements were made despite Defendants' efforts to refrain from publicly making disparaging or discriminatory comments. (See Pls.' Ex. 13, at 1 (email from Yagel to Louie and Sanderson noting that they "[m]ust be very careful about what we say" because they [d]on't know who is in the audience"); Pls.' Ex. 146 ¶¶ 110-11 (admitting that Louie and Yagel told "everyone" at a Pomona Civic Association meeting that they "must be careful about their statements").)"

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 256 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

257. In footnote 19, commenting on the newspaper quotations cited above of Yagel, the district court wrote, "Defendants take solace in the fact that these statements were admitted as exhibits, but not for the truth of the matters asserted. However, these statements were offered, and admitted, not for their truth, but because they reveal Yagel's and Louie's animus toward Tartikov and Orthodox/Hasidic Jews."

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 258 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

258. Nor was the Village of Pomona's conduct in showing hostility toward Orthodox Jews demonstrated only by and through the Tartikov matter. Judge Karas made the following findings of fact concerning the Village: "Defendants' behavior with respect to other proposed projects is indicative of their intent to thwart the expansion of the Orthodox/Hasidic community. The Village has a demonstrated history of opposing various Orthodox/Hasidic Jewish land uses near the Village. As early as 1996, the Village opposed the expansion of Bais Yaakov, an Orthodox Hasidic yeshiva in Ramapo. (See Pls.' Ex. 125, at 7.) The Village wrote a letter in opposition to the expansion, attended a Ramapo meeting and read an opposition statement, challenged the expansion in court, and encouraged Village residents to object to the expansion. (See id. at 7-8; see also Trial Tr. 808 (Ulman affirming that the Village encouraged opposition to the expansion of Bais Yaakov).) In 1999, the Village did not object to the "Anna Mann" property becoming an assisted living facility, but then when it was later proposed that the property be used for a yeshiva, the Village did oppose the development. (See Trial Tr. 802.) In 2004, as noted above, the Village opposed Ramapo's Comprehensive Plan and the ASHL. (See Pls.' FOF ¶¶ 136-38, 141.) The Village also expressed opposition to the development of three yeshivot outside of the Village. (See Trial Tr. 808-11.) The Village does not, however, have this same history of opposition when it comes to non-Orthodox/Hasidic land uses. In 2001, Marshall informed residents that they had to accept group homes within the Village because such land uses were protected under the FHA. (See Trial Tr. 614.) In May 2002, the Board, with the exception of one Trustee, informally approved Barr Laboratories' purchase of land within the Village to erect an office building, even 21 The Village did not provide similar instructions with regard to RLUIPA. Instead, it passed a resolution in. February 2007 asking Congress to revisit the law. (See Pls.' Ex. 58.) though the land was zoned residential. (See Pls.' Ex. 124, at POM0002022.) Defendant further objects to the allegations set forth , on the same day it adopted Local Law No. 1 of 2007, the Board voted in favor of applying for funds to create a senior citizen center within the Village. (See Pls.'s Ex. 75, at POM0016278.)

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 258 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

259. And, before Judge Karas village attorney Ulman "testified that the Village has "consistently opposed high-intensity development," (Ulman Aff. if 16), as a means of showing that the Village opposes large developments regardless of who proposes them, but the fact remains that the Village has consistently opposed proposals by Orthodox/Hasidic Jews." Judge Karas rejected this testimony as pretextual, masking discriminatory intent.

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 259 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

260. Judge Karas also made findings of fact that Yagel gave false testimony in attempting to claim a non-discriminatory purpose for the wetland amendment he favored, "Defendants also cite to the testimony of Sanderson, Yagel, and Louie to argue that the Wetlands Law was not meant to discriminate against Tartikov. (See Defs.' Mem. 19.) Sanderson testified that the law was not passed with the intention of keeping Tartikov out of the Village. (See Trial Tr. 521.) The Court does not credit this testimony because Sanderson ran for mayor on a platform that included a promise to fight to keep Tartikov from developing the Subject Property and expressed concerns about the "make-up" of the Village changing if Tartikov were to build on the property. (See Pls.' Ex, 41; Pls.' Ex. 47, at 1.) Yagel similarly testified that the Wetlands Law was not adopted to prevent Tartikov from building a rabbinical college, (see Trial Tr. 728), and also that he was unaware of the existence of wetlands on the property, (see Id. at 727). The Court does not credit this testimony, and in one respect, it is false. The Court does not credit Yagel's testimony that the law was not adopted to discriminate against Tartikov because Yagel made discriminatory comments leading up to the adoption of the law. For example, in early 2007, Yagel coauthored a letter to The Journal News stating that "a virtual mini-city within the village . . that will house thousands of homogenous individuals" was not a "natural" progression for the Village, (Pls.' Ex. 17 (internal quotation marks omitted)), and was quoted in the New York Times saying that it was "disgusting" that Tartikov was "trying to create this minicity in our village," (see Pls. Ex. 169, at 1 (internal quotation marks omitted)). The Court does not credit the remainder of Yagel's testimony because it is demonstrably false. As indicated in the preceding paragraph, Yagel discussed the existence of wetlands on the Subject Property in January 2007. (See Pls.' Ex. 69, at 1, 3.)."

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 260 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

261. In affirming in part Judge Karas' decision, the Court of Appeals for the Second Circuit stated as follows: Yagel ran in 2007 village elections as part of a slate with two other candidates who campaign on a promise to stand up to the threat posed by a Jewish religious corporation, TRC, a rabbinical college, which proposed to build a Torah community designed to isolate students from distractions and surround them with others engaged in the same study. The slate called RLUIPA "fundamentally unfair" and its deployment against the Village of Pomona "a hammer against our village." See Exhibit 3 to Sussman Affirmation at 50.

**Defendant's Response:**

Defendant objects to the allegations set forth in Paragraph 261 on the grounds that they cite to evidence that is either inadmissible or irrelevant. Holtz, 258 F.3d at 74; Olin Corp. 332 F. Supp. 3d at 838-39.

Dated: New York, New York
June 23, 2020

Respectfully submitted,
MORRIS DUFFY ALONSO & FALEY


By:___/s/ Kenneth E. Pitcoff_____
       KENNETH E. PITCOFF
       JONATHAN A. TAND
       Attorneys for Village of Pomona
       Office and Post Office Address
       101 Greenwich Street, 22nd Floor
       New York, New York 1006
       Telephone: (212) 766-1888
       Fax:  (212) 766-3252
       Our File No.: (TRV) 70867


TO:     VIA ECF
SUSSMAN & ASSOCIATES
Attorneys for Plaintiff
NOREEN SHEA
PO Box 1005
1 Railroad Avenue, Suite 3
Goshen, New York 10924
(845) 294-2991

JACKSON LEWIS
Attorneys for Brett Yagel
44 South Broadway
14th Floor
White Plains, NY 10601